351 So.2d 807 (1977)
Barbara DUNIGAN
v.
The ADMINISTRATION OF the DEPT. OF EMPLOYMENT SECURITY et al.
No. 11499.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
Gail M. Nelson, Baton Rouge, of counsel for plaintiff-appellant Barbara Dunigan.
James A. McGraw, Baton Rouge, of counsel for defendant-appellee The Administration of the Department of Employment Security et al.
Sharon E. May, Baton Rouge, of counsel for defendant-appellee Miller-Terrel Imports, Inc.
Before LANDRY, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
Plaintiff Barbara Dunigan was employed by Capital Porsche-Audi as office manager. The company was bought out in March, 1975, by McGuinnes Imports, at which time plaintiff was employed as a computer bookkeeper. In January, 1976, the company was taken over by Miller-Terrell, when plaintiff was still employed as bookkeeper and was helping with title work on the cars.
In February, 1976, plaintiff testified that she was moved "downstairs, like right in the shop, right between the shop and the *808 parts department. I had to do my bookkeeping as well as answer the switchboard when the girl was out. I had to do more or less all of the jobs, wait on the customers. Then they changed it from computer bookkeeping, which I was hired for, which I was used to, which is really the only kind of bookkeeping I was trained for, to manual bookkeeping and I wasn't hired as a manual bookkeeper."
She further testified that she was unable to keep up with the work, and because she was not permitted to work overtime, had to take work home with her and not go to lunch in order to stay caught up. She stated that she had been promised a raise to $4.00 an hour by McGuinnes Imports, but was only given a raise to $3.40 per hour in November, 1975.
In April, 1976, plaintiff quit her job without giving notice, although she testified that she had complained about her working conditions. Thereafter she applied for unemployment benefits, giving the following reasons for having resigned:
"I felt that being demoted from Office Manager to Cashier-Bookkeeper simply because of a change in ownership was unfair. (within 1 year) My salary was cut by the new owners and I was expected to do more work for less money.
"Since the first of the year our sick leave was discontinued.
"I have discussed pay for sick leave with Mr. Bell but with no success.
"I asked for a raise and they laughed at me. They said the company was not making money and they could not give raises. However, I was promised a raise when McGinnis & Terrell bought the company."
Based on the above statement, and information received from Miller-Terrell Imports, Inc., Mrs. Dunigan was found disqualified for benefits. She appealed this finding, and was granted a hearing before an appeals referee, on August 3, 1976. Only Mrs. Dunigan appeared at the hearing, and her sworn testimony is the only competent evidence in the record. The facts as outlined above, and as found by the appeals referee are based on her testimony.
The appeals referee, after reciting the above facts, found that Mrs. Dunigan did not have good cause connected with her employment for quitting her job, and affirmed the agency determination of disqualification. After the decision of the appeals referee was affirmed by the Louisiana Board of Review, Mrs. Dunigan sought judicial review of her case. The district court rendered judgment upholding the decision of the Board of Review, and dismissed plaintiff's suit. From that judgment, Mrs. Dunigan has appealed to this court.
In judicial review of these cases, "the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the court shall be confined to questions of law." R.S. 23:1634.
R.S. 23:1601(1) provides, in part:
"An individual shall be disqualified for benefits:
"(1) If the administrator finds that he has left his employment without good cause connected with his employment. . . ."
In McGinnis v. Moreau, 149 So.2d 188 (La.App. 3rd Cir. 1963) the court interpreted the above provision as follows:
"Under this statutory provision, mere dissatisfaction with working conditions does not constitute `good cause' for quitting the employment, unless the dissatisfaction is based upon discriminatory or unfair or arbitrary treatment or is based upon a substantial change in wages or working conditions from those in force at the time the claimant's employment in his position commenced, so as to render the work unsuitable to the claimant, considering the worker's physical fitness, qualifications, earning ability, and the like."
The findings of the appeals referee are as follows:
"From the evidence and facts presented, it is concluded that the claimant accepted her employment and the position offered; however, after working for the last employer *809 when the company was bought out, for four months she became dissatisfied. The claimant has failed to substantiate that she had good cause in connection with her employment for leaving and, therefore, it is determined that the claimant left her job for a personal reason and without good cause connected with the employment."
We find that the foregoing conclusion is supported by sufficient facts and is legally correct.
In this court and in the district court, the Administrator of the Department of Employment Security has argued that the claimant is eligible for benefits despite the adverse findings made by his own department.
His first argument is that the appeal referee, the Board of Review and the District Court all failed to consider the doctor's certificate brought in by Mrs. Dunigan to the hearing before the referee. This document is not certified or sworn to in any way, and is not competent evidence. As pointed out above, only competent evidence can be considered in reviewing the record in this case.
His second argument is that the findings of the appeals referee are wrong factually and legally. Since the findings of the referee involve questions of weight and credibility of evidence, and since there is sufficient evidence to support his conclusions, we do not have the authority to disturb his factual conclusions. We find no errors of law.
The judgment appealed from is affirmed.
AFFIRMED.