REDMANN, Judge.
The Police Jury of St. John the Baptist Parish sued the State to obtain a declaratory judgment relative to statutory provisions on the location of the Parish Treasurer’s office. The judgment ordered the Police Jury to pay all court costs in the matter. The Police Jury appeals only from the order to pay all costs, contending that it can be cast as plaintiff only for the stenographer’s costs. On the facts of this case we agree and we so amend the judgment.
*554 Although the general rule of La.C.C.P. 1920[1] might allow the trial court discretion to impose all costs upon plaintiff, La.R.S. 13:4521[2] prevents imposing costs on state or political subdivision (save stenographer’s costs), “[e]xcept as provided in R.S. 13:5112

R.S. 13:5112[3] allows casting “defendant” political entities for costs. The reason for specifying defendant entities is apparently that a non-governmental plaintiff has to pay costs in advance and if such a plaintiff prevails it should be able to recoup its costs, even from a governmental defendant. On the other hand, a governmental plaintiff does not pay costs in advance, and the defendant’s costs are usually trifling by comparison: perhaps a non-governmental defendant who has had to pay those small costs could argue Equal Protection or could argue that the motive-principle of § 5112 is the allowance of recovery of costs by a private litigant who prevails against the government, whether plaintiff or defendant. But that is not our case.
Our case is that of two governmental litigants, neither of whom had to pay costs in advance and neither of whom has a claim against the other for costs paid. Thus the question is whether the governmental offices of Clerk of Court and Sheriff should expend their own public funds to supply services without reimbursement from other public funds held by the governmental plaintiff. This appears to be a question wholly within the discretion of the Legislature, and the Legislature has exempted governmental plaintiffs from costs save stenographer’s costs.
The judgment appealed from is amended to cast plaintiff for costs limited to stenographer’s costs.

. Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.

. Except as provided in R.S. 13:5112 and as hereinafter provided, neither the state, nor any parish, municipality, or other political subdivision, public board, or commission shall be required to pay court costs in any judicial proceeding, instituted or prosecuted by or against the state or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the parish of Orleans and the city of New Orleans. This Section shall have no application to stenographers’ costs for taking testimony.

. A. In any suit against any state or any department, board, commission, agency, or political subdivision thereof, the trial or appellate court, after taking into account any equitable considerations as it would under Article 1920 or Article 2164 of the Code of Civil Procedure, as applicable, may award in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, such court costs under R.S. 13:4533 and other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court.
B. In accordance with Section 10 of Article XII of the Constitution neither the state nor any department, board, commission, agency, or political subdivision thereof shall be required to pay court costs until the judgment rendered against the state, department, board, commission, agency, or political subdivision shall become final and definitive under the provisions of Articles 2166 and 2167 of the Code of Civil Procedure or otherwise nonappealable or non-reviewable beyond the delays set by law for same and the funds have been appropriated therefor in specific dollar amount.
C. This law shall not apply to, nor shall the Office of Employment Security or the administrator be cast for any court costs in, any judicial review proceeding under the provisions of R.S. 23:1634.