401 So.2d 1087 (1981)
Brenda Coco DUCOTE, Plaintiff and Appellee,
v.
LOUISIANA OFFICE OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR and Louisiana State University A & M College, Defendant and Appellant.
No. 8337.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
On Rehearing August 13, 1981.
James D. Caldwell, Baton Rouge, for defendant and appellant.
Darrel D. Ryland, Marksville, for plaintiff and appellee.
*1088 Before CULPEPPER, FORET and LABORDE, JJ.
CULPEPPER, Judge.
The claimant filed this suit for judicial review of a decision of the Board of Review, Office of Employment Security, finding claimant disqualified for unemployment compensation benefits because she voluntarily resigned without good cause connected with her employment. The district judge reversed the decision of the Board of Review and found that the claimant is entitled to benefits. Claimant's employer, Louisiana State University A & M College, appealed.
The record shows the initial agency determination found the claimant entitled to benefits. The employer appealed, and the Appeals Referee found the plaintiff disqualified. Claimant appealed from that ruling, and the Board of Review affirmed the Appeals Referee.
The general facts are that plaintiff was employed as a stenographer II in the Marksville, Louisiana office of the Louisiana State University Extension Service. She resigned on January 11, 1980 for the stated reason that she was "unable to work with co-workers without being under stress and nervous tension." After the hearing before the Appeals Referee on March 11, 1980, he found the following facts and rendered the following opinion which were affirmed by the Board of Review:
"FINDINGS OF FACT: The claimant had worked for the named employer for four years, four months as a Steno II, for the rate of $4.24 per hour. She was scheduled for work from 8:00 A.M. to 4:30 P.M., five days per week, Monday through Friday. The claimant last worked on January 9, 1980, when she resigned her job, telling Mr. Braud, County Agent, she was leaving because she was dissatisfied with conditions in the office. The claimant was not dissatisfied with her work or with whom she came directly in contact but was having personality conflicts with those working in the other Departments. The claimant stated she felt the other workers in the other Department were not being nice to her and including her in the things in the office and had discussed this with Mr. Braud, her Supervisor, prior to this and he had tried to resolve the situation at that time. The claimant was also having outside problems that could have had some effect on her work. At the time the claimant resigned her job, she was not told she had to resign and was not forced to leave by company policy. The claimant had been told, previously, that if she could not get along with other employees, that it might be best if she did go ahead and resign but she was not forced to leave. The claimant stated that when Mr. Braud left she felt she would go ahead and resign and submitted her resignation and left.
"OPINION: R.S. 23:1601(1) provides that an individual shall be disqualified for benefits if the Administrator finds that he has left work without good cause connected with his employment. Such disqualification shall continue until such time as the claimant can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the Unemployment Insurance Law of any other state or of the United States equivalent to at least ten times his weekly benefit amount following the week in which the disqualification act occurred and has not left his last work under disqualifying circumstances.
"From the evidence and facts presented, it is concluded that the claimant was performing her job satisfactorily and was not actually dissatisfied with the work but was having personality conflicts with those in the other Departments where she worked. It is further concluded that she had not been warned about her work or cautioned about her work, in any way, but felt she would go ahead and leave as she felt she could not take the situation as it was, when her employer retired. It is further concluded she was possibly having other problems that was affecting her at work and when she resigned she resigned for personal reasons and without *1089 good cause connected with the employment and under disqualifying conditions."
The opinion of the district judge states he found the claimant resigned "due to on-the-job harassment from her co-workers." The judge then concluded:
"After reviewing the factual findings of the Appeals Referee and Board of Review and considering the testimony and the legal principles involved, this Court finds that the employer has failed to bear its burden of proving that claimant was disqualified from receiving unemployment benefits under the Act. Good cause did in fact exist for plaintiff's resignation."
On appeal, the employer contends the trial judge did not apply the proper standard of review, in that the district judge re-evaluated the evidence and substituted his judgment of the facts for that of the Board of Review, without indicating why the Board's findings are wrong. We agree with the appellant.
The applicable statute, LSA-R.S. 23:1634, provides in pertinent part that on judicial review of these cases "the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the court shall be confined to questions of law." In Barber v. Lake Charles Pipe and Supply Co., 148 So.2d 326 (La.App. 3rd Cir. 1962) we construed this statute as follows:
"As stated at 81 C.J.S. Social Security and Public Welfare, § 232c:
"Thus, it is not a function of the court to weigh the evidence, resolve, conflicts in the testimony, determine the credibility of the witnesses, or to decide what inferences are to be drawn from the evidence. The court may not reevaluate the evidence or substitute its own judgment on the facts for that of the administrative agency * * *. [A]dministrative determinations of fact are conclusive unless wholly without evidential support, or wholly dependent on a question of law, or clearly arbitrary or capricious. * * * Thus, a finding of fact will not be disturbed where there is evidence reasonably tending to sustain such finding or where there is evidence from which an inference of the fact found could be fairly be drawn."
We have carefully reviewed the transcript of the testimony taken at the hearing before the Appeals Referee, and we conclude his findings of fact are fully supported by the evidence. Essentially, the Referee found the claimant resigned for personal reasons, i. e., she was having personality conflicts with her co-employees and she was also having problems in her own family. The Referee did not accept the claimant's contention that she had to resign because of unbearable harassment by her co-workers.
The applicable rule as to resignation due to working conditions was stated by us in McGinnis v. Moreau, 149 So.2d 188 (La.App. 3rd Cir. 1963) as follows:
"Under this statutory provision, mere dissatisfaction with working conditions does not constitute "good cause" for quitting the employment, unless the dissatisfaction is based upon discriminatory or unfair or arbitrary treatment or is based upon a substantial change in wages or working conditions from those in force at the time the claimant's employment in his position commenced, so as to render the work unsuitable to the claimant, considering the worker's physical fitness, qualifications, earning ability, and the like. Flournoy v. Brown, La.App. 3 Cir., 140 So.2d 729; Robertson v. Brown, La.App. 1 Cir., 130 So.2d 226; Gilbert v. Hub City Iron Works, La.App. 3 Cir., 137 So.2d 359; Sewell v. Sharp, La.App. 2 Cir., 102 So.2d 259; 48 Am.Jur. "Social Security", § 35."
Applying this rule to the facts of the present case, as found by the Appeals Referee and affirmed by the Board of Review, the claimant did not have good cause to resign her employment.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that the decision of the Board of Review be affirmed. *1090 All costs in the trial and appellate courts are assessed against the claimant.
REVERSED AND RENDERED.

ON REHEARING
PER CURIAM.
In our original decision in this case we assessed the claimant with all costs in the trial and appellate courts. Under LSA-R.S. 23:1692 an assessment of costs against the claimant for benefits under the Louisiana Employment Security Law is prohibited, unless it be found that the proceedings for judicial review were instituted or continued frivolously. We do not find the claimant was frivolous in instituting or continuing these proceedings. Therefore, our original decision is amended to omit therefrom the taxing of costs against the claimant and, as amended, it is affirmed.
ORIGINAL DECISION AMENDED ON REHEARING.