426 So.2d 246 (1983)
LIVINGSTON PARISH SCHOOL BOARD
v.
STATE of Louisiana Through the OFFICE OF EMPLOYMENT SECURITY, et al.
No. 82 CA 0447.
Court of Appeal of Louisiana, First Circuit.
January 5, 1983.
James D. Caldwell, Jonesboro, for plaintiff.
Willie D. Maynor, Baton Rouge, Allen B. Pierson, Jr., Ponchatoula, for defendants.
Before COVINGTON, LANIER and ALFORD, JJ.
LANIER, Judge.
This is an appeal from an administrative determination by the Office of Employment Security (OES) that an employee was not disqualified for unemployment compensation benefits because of his failure to properly report parttime earnings.

*247 I. FACTS
Prior to June 18, 1978, Harold G. Threeton was employed full time with the Louisiana Department of Agriculture and was also employed on a parttime basis with the Livingston Parish School Board (School Board). In June of 1978, Threeton was laid off from his position with the Department of Agriculture and was advised to submit a claim for unemployment compensation benefits. Threeton's claim for unemployment compensation benefits was effective June 18, 1978. When Threeton applied for the benefits, he advised OES of his parttime employment with the School Board. As part of the process for claiming benefits. Threeton was required to attend a Benefit Rights Interview. At the interview, he was given a packet of cards, one of which was to be mailed to OES for each week that benefits were claimed. Threeton was instructed on how to complete and fill out the questions on the cards. Question No. 2 on the cards pertained to whether or not he had worked during the week for which compensation was claimed. During the period from August 13, 1978, through December 30, 1978, a period of eighteen weeks, Threeton failed to fill out the information requested in Question No. 2 of the cards.
In February of 1979, the OES commenced an investigation into Threeton's entitlement to benefits. Threeton refused to cooperate in the investigation and did not appear for three requested conferences. On September 26, 1979, OES made an agency determination that Threeton obtained benefits by fraudulent means in violation of La.R.S. 23:1601(8), disqualified him from receiving benefits for fifty-two weeks from September 30, 1979, to September 28, 1980, and assessed him the sum of $1,980.00 for overpayments. Threeton appealed this agency action to the Appeal Tribunal (Referee) of OES. La.R.S. 23:1629. The Referee conducted a full hearing on December 13, 1979. On March 3, 1980, the Referee determined, as a matter of fact, that Threeton had notified OES of both his full time employment and parttime employment when applying for benefits, that Threeton received $1,980.00 "to which he was not entitled" and that the failure of Threeton to report his earnings properly during the period of August 13, 1978, through December 30, 1978, did not constitute fraud under the particular facts and circumstances of this case. The Referee ordered that "the determination of the Agency assessing a disqualification for benefits for a 52 week period beginning September 30, 1979 through September 28, 1980 be reversed and removed." The Referee did not issue an order affirming, modifying or reversing the agency determination which assessed Threeton $1,980.00 for an overpayment.
The School Board appealed the decision of the Referee to the Board of Review for OES. La.R.S. 23:1630. The only issue before the Board of Review was the ruling of the Referee on the disqualification for benefits for the fifty-two week period. On May 23, 1980, the Board of Review affirmed the decision of the Referee. The School Board then sought judicial review in the district court. La.R.S. 23:1634. On January 29, 1982, the district court affirmed the decision of the Board of Review and cast the School Board for all costs of the district court proceedings. The School Board then appealed to this court asserting that the district court committed error by affirming the decision of the Board of Review and by assessing it with costs.

II. DISQUALIFICATION FROM BENEFITS
La.R.S. 23:1601(8) provides, in pertinent part, as follows:
.....
"(8) For the week, or fraction thereof, with respect to which he makes a false statement or representation knowing it to be false, or knowingly fails to disclose a material fact in obtaining or increasing benefits, whether or not he is successful in obtaining or increasing benefits, or thereby receives any amount as benefits under this Chapter to which he was not entitled, and for the fifty-two weeks which immediately follow the week in which such determination was made all *248 benefits shall be immediately due and on demand paid to the administrator for the fund and such individual shall not be entitled to further benefits until repayment has been made or the claim for repayment has prescribed...."
The record shows that Threeton failed to properly fill out his weekly application for benefits form. In particular, he did not declare his parttime wages earned from the School Board for a period of eighteen weeks. However, the testimony shows and the Referee found as a fact that Threeton declared his parttime employment with the School Board to OES when he applied for benefits in June of 1978. The Referee also determined as a matter of fact that Threeton reasonably believed that he was legally entitled to benefits during the period in question.
Our jurisdiction in this appeal is confined to questions of law. The findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, are conclusive. La.R.S. 23:1634; Pinecrest State School v. State, Office of Employment Security, 417 So.2d 79 (La.App. 3rd Cir.1982); Standard Materials, Inc. v. Administrator, Division of Employment Security, Department of Labor, 401 So.2d 400 (La.App. 1st Cir.1981). After reviewing the entirety of the record, we conclude that there is sufficient evidence to support the factual findings of the Referee and the Board of Review that Threeton did not act fraudulently in securing benefits under the particular facts and circumstances of this case.[1] The rulings of the Referee, Board of Review and district court determining that Threeton did not act fraudulently and reversing his disqualification for benefits under La.R.S. 23:1601(8) are affirmed.

III. ASSESSMENT OF OVERPAYMENT
Our review of this record indicates that Threeton appealed the assessment of overpayment against him to the Referee as well as the determination of fraud and disqualification from benefits. Although the Referee determined "that the claimant received $1,980 to which he was not entitled" and that "after review is still determined that the claimant is not entitled to such benefits ...", the Referee did not render a specific order concerning the assessment of the overpayment. Threeton is entitled to an adjudication of that issue through the proper procedural channels. Accordingly, we remand this matter to the Referee for a specific ruling and order on the issue of the assessment of the overpayment against Threeton in the sum of $1,980.00.

IV. COSTS
Generally, political subdivisions, such as the School Board, shall not be required to pay court costs "in any judicial proceeding instituted or prosecuted by or against ..." them in any court of this state. Such political subdivisions are only responsible for the "stenographers' costs for taking testimony." La.R.S. 13:4521. This case is not one in either tort or contract. La. Const. of 1974, art. XII, § 10(A); Segura v. Louisiana Architects Selection Board, 362 So.2d 498 (La.1978). However, in a suit "against" a political subdivision, a court "may award in favor of the successful party and against..." the political subdivision "such court costs under R.S. 13:4533 and other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court." La.R.S. 13:5112. The question posed for our resolution is whether or not the proceedings in the trial court and this court constitute a suit "against" the School Board. We perceive this case to be an appeal by the School Board against OES and Threeton and not a suit by Threeton and OES against the School Board. Accordingly, it is our opinion that there is no authority under the law authorizing the assessment of costs against the School Board in this case.
*249 Costs may not be assessed against OES. La.R.S. 13:5112(C); La.R.S. 23:1548. Costs may not be assessed against Threeton. La. R.S. 23:1692; Ducote v. Louisiana Office of Employment Security, Department of Labor, 401 So.2d 1087 (La.App. 3rd Cir.1981). Thus, it appears that no party to this litigation is legally responsible for the costs and they must be absorbed by the clerk of this court and the clerk and sheriff of the trial court. St. John the Baptist Parish Police Jury v. State, 384 So.2d 553 (La.App. 4th Cir.1980). Accordingly, the judgment of the trial court assessing costs against the School Board is reversed.

V. CONCLUSION
For the foregoing reasons, the judgment of the trial court, Board of Review and Referee setting aside the agency determination disqualifying Threeton from benefit payments for fifty-two weeks is affirmed. This case is remanded to the Referee for a specific ruling and order on the issue of the assessment of the alleged overpayment. The judgment of the trial court is reversed insofar as it casts the School Board for costs.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] Failure to declare employment under other facts and circumstances can constitute fraud.