431 So.2d 432 (1983)
SOUTHEASTERN LOUISIANA UNIVERSITY
v.
Andrew D. SHELTON and State of Louisiana, Office of Employment Security.
No. 82 CA 0383.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
On Rehearing May 20, 1983.
*433 Ann M. Metrailer, Baton Rouge, for plaintiff, appellant.
James A. McGraw, Baton Rouge, Mike J. Balen, Covington, for defendant, appellee.
Before COVINGTON, LANIER and ALFORD, JJ.
ALFORD, Judge.
Defendant-Appellee, Andrew Shelton, was employed by Southeastern Louisiana University (hereinafter SLU) as a Police Officer II from March 24, 1980 until April 6, 1981, when he was discharged for conspiracy to commit theft and malfeasance in office. The discharge came about as the result of an investigation of an incident in which a test answer key was removed from a teacher's office. After investigation, the Director of Campus Police at SLU, Russ Martin, came to the conclusion that Shelton and Terry Mendoza had removed the test, copied it and delivered the copy to Ms. Mendoza's roommate, Renee Shipman.
Following his discharge, Shelton filed a claim for unemployment benefits. In a notice of claim determination mailed May 5, 1981, the Office of Employment Security disqualified him from receiving employment benefits and cancelled all wage credits earned with SLU on the ground that claimant had been discharged for misconduct connected with his employment. LSA-R.S. 23:1601(2).
On May 14, 1981, Shelton appealed the disqualification. A hearing was conducted before the Appeals Tribunal on June 1, 1981. At the hearing, the claimant denied copying the test key and giving it to Renee Shipman. The claimant repeatedly testified that the only reason he admitted to copying the test was because he was threatened with criminal prosecution. The claimant said he inferred from his conversation with the Director that he would not be discharged or arrested if he admitted to copying the test.
The Appeals Referee reversed the determination of the Agency and qualified the claimant for unemployment benefits. The Referee found that the claimant was discharged for admitting copying the test only after being threatened with criminal prosecution, and no disqualification was assessed under LSA-R.S. 23:1601(2). The Referee held that the unrefuted testimony of Shelton, Mendoza and Shipman showed a "domination of coercement" which compelled the individuals to admit to the incident, and that the evidence in its entirety weighed in the claimant's favor.
Because the Appeals Referee was the only person to hear the live testimony of all the witnesses, we think his findings of fact are significant and quote therefrom:
"... Terry L. Mendoza[1], was employed from November of 1977 as a student but *434 began her position of Police Officer I from March 12, 1980 to April 3, 1981. The claimant, Andrew D. Shelton, was employed from March 24, 1980 to October 24, 1980 and then from October 24, 1980 as a Police Officer II to April 6, 1981.
On April 3, 1981, the director of campus police, Mr. Martin, called both claimants in to his office. They were confronted with the test paper, both being questioned as to whether or not they had knowledge of such paper. The employer explained that the condition came into being when he received a report from Sandy Gray of other officers having a copy of a test or intent to obtain a test copy. The director was told that a copy was on the clip board of that of Mr. Shelton and gave the date of an occurrence and described the item as being red in color. His investigation shows that they had keys to the area in which the documents were kept and that the professor made his answer sheet in red. His investigation showed that the original item was on file at the time of his investigation. He surmised that a copy had been made. Further investigation revealed that the individual, Sandy Gray, also revealed that the witness for the claimants, Renee Shipman, had a reschedule or make-up test during that weekend. Ms. Shipman also served as an Officer I. All parties were asked about the test copy and all were present at the meeting.
The director revealed that Ms. Shipman reported that the document was obtained by Ms. Mendoza and Mr. Shelton. Ms. Mendoza was a roommate. She revealed that she gave such information after she was lead to believe that criminal charges would be placed against her if the report could be proven. Ms. Mendoza and Mr. Shelton gave the same testimony. The allegation was of being caroused to submit a resignation to avoid criminal actions or confinement in jail. All three parties revealed separately that they were told that if they were lying and he could prove it, he would file criminal charges.
All three individuals gave testimony separately. Their testimony denied knowledge of the test until confronted by the director of campus police. Examination by the Referee questioned each individual to their knowledge and their unrefuted testimony was that they had no knowledge of the test until being confronted by the director. When all three parties did admit to having such document, Mr. Shelton admits that he took the test to avoid jail sentence or confinement. Ms. Mendoza stated she took the test to protect Mr. Shelton and further revealed that Mr. Shelton was her boyfriend. Due to the duties involved of each individual, they did have access to buildings and keys to such areas in performances of their job... The documents pertain to an agriculture test in which Ms. Shipman was majoring. All three individuals disagreed with the directors manner in which he revealed and also individually gave testimony that they believed the admission was necessary to avoid being jailed.
SLU appealed the Referee's unfavorable decision to the Louisiana Board of Review. A majority of the three-member Board affirmed the decision of the Appeals Referee finding the testimony of all three individuals denying the incident "unshakable". Furthermore, the Board found that the only reason the claimant admitted taking the examination was due to a "threat of action" to be taken had claimant not admitted his participation.
SLU subsequently appealed to the Twenty-Second Judicial District Court. On April 5, 1982, judgment was rendered upholding the decision of the Louisiana Board of Review. In his written reasons for judgment, the trial judge stated:
"... The testimony of claimant and his witnesses shows that the threat of prosecution, including immediate arrest, induced claimant's admission to the illegal act ... The findings of the Referee involve questions of weight and credibility *435 of evidence and since there is sufficient evidence to support his conclusions, this Court does not have the authority to disburb his factual conclusions..." (Emphasis supplied)
From the trial court's decision, SLU has appealed. Appellant's only specification of error asserts the trial court erred in affirming the Board's decision extending benefits to Shelton.
At the outset, we note that the scope of our appellate review of cases arising under the Louisiana Employment Security Law has been expressly and severely limited by the legislature. La. Const. of 1974, art. V, § 10(B). LSA-R.S. 23:1634 provides for judicial review of the decisions of the Board of Review as follows:
"... In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." (emphasis supplied)
In short, our jurisdiction is limited to questions of law; we simply do not have the jurisdiction or authority to disturb the findings of fact of the Board of Review where questions of weight and credibility are involved and where their conclusions are supported by sufficient evidence. Vancouver Plywood Co., Inc. v. Sumrall, 415 So.2d 625 (La.App. 3rd Cir.1982); Dunigan v. Administration of Dept. of Employment Security, 351 So.2d 807 (La.App. 1st Cir.1977).
In interpreting the standard of review mandated by LSA-R.S. 23:1634, our Supreme Court has written:
"... there must be legal and competent evidence to support the factual findings on which the administrative determination turns." Banks v. Administrator of Department of Employment Security of State of Louisiana, 393 So.2d 696, 699 (La.1981).
Thus, judicial review of the findings of the Board of Review is strictly limited to first, a determination of whether the facts are supported by competent evidence, and second, whether the facts, as a matter of law, justify the action taken. Black v. Sumrall, 413 So.2d 252 (La.App. 4th Cir. 1982).
"Sufficient evidence", as contained in the statute setting forth the standard of review of the Board's determination, means legal and competent evidence; hearsay is not considered sufficient evidence. Banks, 393 So.2d at 699; Giss v. Sumrall, 409 So.2d 1227 (La.App. 2nd Cir.1981). Of course, the employer bears the burden of coming forward with sufficient evidence to prove that the claimant's discharge was the result of some misconduct. Banks, 393 So.2d at 699; Gunderson v. Libbey Glass, 412 So.2d 656 (La.App. 2nd Cir.1982); Caldwell v. Gerace, 378 So.2d 1045 (La.App. 2nd Cir.1979).
Our thorough review of the transcript of the hearing before the Appeals Referee completely supports his above quoted findings of fact. The testimony demonstrates that Director Martin based almost his entire case on what Officer Gray had told him, yet Gray was not called to testify. Clearly, this testimony before the Appeals Referee as to what Officer Gray knew of the incident was hearsay and may not be used to determine if the employer has sustained his burden of proof.
Doubtlessly, Martin's testimony as to what Gray informed him was admissible to indicate that these statements were made and that as a result, Martin launched his own investigation. However, Martin's testimony that Gray told him she saw the test key on Shelton's clipboard is manifestly hearsay. It was testimony in court of a statement made out of court, being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. State v. King, 355 So.2d 1305 (La.1978); State In Interest of Clark, 400 So.2d 334 (La.App. 4th Cir.1981). Of course, the traditional reason for excluding hearsay is because of the absence of an opportunity to test by cross-examination, under oath, the veracity and accuracy of the statement offered. Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir.1980).
*436 The trial court was unable to determine why Officer Gray was not called to testify, and we draw no conclusions from this. Mr. Shelton could have called Gray to testify on cross-examination just as easily as appellant could have called Gray on direct. However, the State had the burden of proof. La. Const. of 1974, art. X, § 8(A). The only possible way that burden could have been fulfilled under these facts would have been to call Officer Gray. Furthermore, on cross-examination by Terry Mendoza, Director Martin admitted that his independent investigation consisted simply of a talk with the teacher who administered the test, a look at the test key, and a comparison of the key with the answers on Shipman's test. Everything else Martin knew about the incident was told to him by Gray. Furthermore, Martin admitted that Officer Gray also had access to the room wherein the test key was located. In short, there was very little admissible evidence favorable to the employer with which he could sustain his burden of proof.
In contrast, a perusal of the record demonstrates that time and again, Shelton, Mendoza and Shipman strenuously denied any misconduct. Their unrefuted testimony is that when closeted in Martin's office and confronted with the misconduct accusations, they all denied involvement. Repeatedly, Shelton and Mendoza testified (independently) that it was only after Martin threatened them with immediate arrest and prosecution that they admitted involvement. Shipman also denied ever receiving the test key from Shelton or Mendoza, and also testified that she felt she could not leave Martin's office without admitting guilt lest she be charged criminally also.
As the Supreme Court recently held in State v. Willie, 410 So.2d 1019, 1029 (La. 1982):
"It is well settled that an accused party cannot be legally convicted on his own uncorroborated confession without proof that a crime has been committed by someone..."
Alluding to the present set of facts, it is quite clear that the "non-confession" proof required in Willie is missing. Thus, even if the confession was not coerced, we feel the proof in the record was still insufficient to show misconduct on the part of Shelton.
In the final analysis we must decide each case on the documents and testimony contained in the record. The record is devoid of any "non-confession" proof of misconduct on the part of Shelton. Consequently, the findings of fact of the Referee are supported by the evidence in the record, and we are powerless to disturb these findings. Furthermore, we hold that these facts support the Referee's decision. Therefore, the lower court is affirmed. Appellant is to bear costs in the amount of $187.08.
AFFIRMED.
COVINGTON, J., dissents.

ON MOTION FOR REHEARING
PER CURIAM.
Motion for rehearing filed herein granted for the limited purpose of determining whether the judgment rendered is objectionable on the grounds that costs should not have been assessed against Southeastern Louisiana University (hereinafter cited as SLU). In this respect the court notes the case of Livingston Parish School Board v. State of Louisiana, Office of Employment Security, 426 So.2d 246 (La. App. 1st Cir.1983).
With a similar procedural history as the present case, we held that where the state agency first seeks review in the courts such as filing an appeal of the Board of Review's decision with the district court then such action is an appeal by SLU against the Office of Employment Security and Shelton and not a suit by Shelton and the Office of Employment Security against SLU. Livingston Parish School Board, 426 So.2d at 248. Accordingly, it is our opinion that there is no authority under the law authorizing the assessment of costs against SLU in this case.
Furthermore, costs may not be assessed against the Office of Employment Security. *437 La.R.S. 13:5112(C); La.R.S. 23:1548. Moreover, costs may not be assessed against Shelton. La.R.S. 23:1692; Ducote v. Louisiana Office of Employment Security, Department of Labor, 401 So.2d 1087 (La.App. 3rd Cir.1981). Thus it appears that no party to the litigation is legally responsible for the costs and they must be absorbed by the clerk of this court and the clerk and sheriff of the trial court. Livingston Parish School Board, 426 So.2d at 249.
Accordingly, our original judgment is vacated only to the extent that it casts SLU for costs.
NOTES
[1] Although Terry Mendoza is referred to as a claimant in the Appeals Referee's findings of fact, nevertheless, only the claim of Andrew Shelton is before the Court.