BRUNSON, Judge.
This case comes before the court by virtue of appeal of the trial court’s decision upholding the decision of the Board of Review in an unemployment compensation case.
Appellee, Cathy Manuel, had been working for appellant, Jantzen of Louisiana, Inc. (Jantzen) for four years when she left her employment on September 16, 1983. Pursuant thereto, appellee made a claim for unemployment compensation on the conten *1177 tion that a change in the Jantzen workplace (manufacturing garments) caused her to have to set up for two emblem machines instead of one, as she had done for three years and ten months. The appellee contended that this change caused her much stress and that she complained to the necessary superiors about the virtual inability to operate within the new system, to no avail. She thereupon left such employment.
On October 12, 1983, the Louisiana Department of Labor issued its determination that the appellee was not disqualified because she left with good cause. Jantzen appealed and this was heard by Appeals Referee, James Faul, who, in turn, upheld the determination. Jantzen then appealed to the Board of Review, which Board on January 27, 1984, upheld Mr. Faul’s decision. Thereafter a petition for judicial review was filed in the court for the 27th Judicial District. It was heard on December 7, 1984, and on December 18, 1984, the court ruled in favor of the decision of the Board of Review. This appeal was then taken.
Although the appellant specifies four assignments of error, the substance of this appeal rests on two issues: (1) Did the appellee leave her employment for good cause? and (2) Did the district court err in assessing appellant with costs?
As to the first issue, Section 1634 of Title 23 of the Revised Statutes confines the jurisdiction of the courts to questions of law, unless the findings of the Board of Review were based upon fraud or insufficient evidence.
The Court of Appeal for the Third Circuit, in Ducote v. La. Office of Employment Security, Etc., 401 So.2d 1087, 1089 (La.App. 3rd Cir.1981) cited McGinnis v. Moreau, 149 So.2d 188 (La.App. 3rd Cir.1963) for an excellent explanation of the good cause finding:
“Under this statutory provision, mere dissatisfaction with working conditions does not constitute ‘good cause’ for quitting the employment, (unless ... [it] is) based upon ... a substantial change in ... working conditions from those in force at the time the claimant’s employment in his position commenced, ...”
The several authorities cited by the appellant are inapposite. None are disposi-tive of the issue of whether a finding that an employee left her job for good cause due to a change in work procedures virtually doubling the work load, was error.
Appellee, Cathy Manuel, specifically testified that the resulting stress caused her to start to have chest pains and nausea and hand problems. Although no medical expert testified, the testimony of appellee is legal and competent evidence and thus differs from situations such as Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983), in which the findings of “non-confession” proof of misconduct was based on hearsay and thus neither legal nor competerit evidence. In the instant case, there is legal and competent evidence in appellee’s testimony, though admittedly involving a question of weight and credibility. However, this court does not have the jurisdiction or authority to disturb the finding of facts of the Board of Review where questions of weight and credibility are involved and where their conclusions are supported by sufficient evidence. Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983); Vancouver Plywood Co., Inc. v. Sumrall, 415 So.2d 625 (La.App. 3rd Cir.1982); Dunigan v. Administration of Dept. of Employment Security, 351 So.2d 807 (La.App. 1st Cir.1977).
The findings herein are supported by legal and competent evidence in the record, and we are powerless to disturb such findings. Banks v. Administrator of Department of Employment Security of State of Louisiana, 393 So.2d 696 (La.1981). Further, the facts thereby revealed justify such finding and the action taken and, therefore, the decision of the lower court must be affirmed. Southeastern Louisiana University v. Shelton, supra, and Black v. Sumrall, 413 So.2d 252 (La.App. 4th Cir.1982).
*1178 As to the issue of costs in these proceedings, the applicable rule has been well set forth in Melton v. State of Louisiana, Office of Employment Security, 473 So.2d 925 (La.App. 3rd Cir.1985), as follows:
“Costs may not be assessed against the Office of Employment Security, La. R.S. 13:5112(C); La.R.S. 23:1548, nor against Melton, La.R.S. 23:1692; Ducote v. Louisiana Office of Employment Security, Department of Labor, 401 So.2d 1087 (La.App. 3rd Cir.1981) nor should they be assessed against Transworld. Hayes v. State, Office of Employment Sec. [467 So.2d 175 (La.App. 3rd Cir.1985)] supra; Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983). Thus, it appears that no party to the litigation is legally responsible for the costs and they must be absorbed by the Clerk of this Court and the Clerk and Sheriff of the trial court. Hayes v. State, Office of Employment Sec., supra; Livingston Parish School Bd. v. State, 426 So.2d 246, at page 249 (La.App. 1st Cir.1983).”
Accordingly, no party to these proceedings is legally responsible for the costs which must be absorbed by the Clerk of this court and the Clerk and Sheriff of the trial court.
REVERSED IN PART, AND AFFIRMED IN PART, AND RENDERED.