ROY B. TUCK, Jr., Judge Pro Tem.
This appeal arises from a proceeding for judicial review of a decision by the Board of Review affirming the decision of the Referee disqualifying the claimant for unemployment compensation benefits. The petition for review was filed May 12, 1984. After having remanded the matter to the Board of Review for taking additional evidence, the trial court gave written reasons on December 6, 1984 and on January 2, 1985 signed a judgment maintaining exceptions of prescription and peremption filed by the Administrator and National Supply Company.
Counsel for claimant obtained an order for devolutive appeal to this court on March 4, 1985. On March 8, 1985 the clerk of the trial court gave notice to counsel for claimant that the estimated cost of preparing the record on appeal was $265.00 which must, according to the notice, “be paid within twenty (20) days of receipt of this notice.”[2] Thereafter on April 8, 1985, the clerk of the trial court presented an ex parte motion to the trial judge which asserted that the appeal had been abandoned because of failure to pay the estimated costs. The trial judge, without a hearing, ordered the appeal dismissed. This appeal was taken from the order dismissing the appeal taken on March 4, 1985.
The issues presented by this appeal are:
(a) Is a claimant for unemployment compensation benefits exempt from paying estimated costs of preparing the record on appeal?
(b) Did the trial court err in sustaining an ex parte motion to dismiss the appeal without a hearing?
The judgment complained of arises from the application of Article 2126, Louisiana Code of Civil Procedure which provides in part:
“A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send a notice by certified mail of the estimated costs to the appellant.
B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk.—
E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1) Enter a formal order of dismissal on the grounds of abandonment; or
(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned. — ”
Obviously, C.C.P. Art. 2126 provides the general rule to be followed in taking an appeal in most cases. The legislature has, however, provided for exceptions to this general rule. For instance, the legislature has provided that indigents, although not exempt from responsibility for costs, may, upon complying with certain requisites, “prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor.” See C.C.P. Article 5181 et seq.
The legislature has made particular provision concerning payment of Costs by claimants for unemployment compensation benefits. La.R.S. 23:1692 provides in pertinent part:
“No individual claiming benefits shall be charged fees or costs of any kind in any proceeding under this chapter by the board of review, the administrator, or by their representatives, or by any court, but a court may assess costs against the *842 claimant if it determines that the proceedings for judicial review have been instituted or continued frivolously.” (emphasis added)
In short, a claimant is exempt from the payment of any costs in any court absent a finding by the court that the proceedings for judicial review were instituted or continued frivolously. There has been no determination by this court, or by the trial court, that the judicial review proceedings were commenced or continued frivolously and costs cannot be assessed against the claimant absent such determination. Ducote v. Louisiana Office of Employment Security, Department of Labor, 401 So.2d 1087, 1090 (La.App. 3rd Cir.1981). In the present posture of the case such determination could be made only upon review.
In Hayes v. State, Office of Employment Security, 467 So.2d 175 (La.App 3rd Cir.1985) this court dealt with an appeal by a claimant who was formerly employed by the Louisiana Department of Corrections. The court concluded that the trial court had erred in reversing the decision of the Board of Review which denied claimant unemployment compensation benefits and reversed the judgment of the trial court, thus denying benefits. In considering the question of costs, the court recognized that under the provisions of La.R.S. 13:5112C (redesig-nated as La.R.S. 13:5112D by Acts 1985, No. 509) and La.R.S. 23:1548 costs could not be assessed against the Office of Employment Security, recognized that costs could not be assessed against the claimant under La.R.S. 23:1692 and said:
“ — nor, should they be assessed against the Department, S.L.U v. Shelton, 431 So.2d 432, 436 (La.App. 1st Cir.1983). Thus it appears that no party to the litigation is legally responsible for the costs and they must be absorbed by the Clerk of this court and the Clerk and Sheriff of the trial court. Livingston Parish School Board v. State, 426 So.2d 246, at page 249 (La.App. 1st Cir.1983).”
Clearly the legislature intended to provide the unemployed claimant, who was not litigating frivolously, his day in court. In Cities Service Oil Company v. Administrator, Louisiana Department of Employment Security, 383 So.2d 1315, 1320 (La.App. 3rd Cir.1980) this court held that under La.R.S. 23:1692 an assessment of costs against a claimant is prohibited.
The conclusion is inescapable that the legislature intended to exempt the good faith claimant from payment of court costs. Consequently, we are constrained to hold that the trial court erred in dismissing Gray’s appeal because of his failure to pay costs in advance which could not be assessed against him until it is determined by the court that he is proceeding frivolously.
Having concluded that it was improper to dismiss the appeal because of failure of the appellant to comply with the advance payment requirements of C.C.P. Article 2126, it is unnecessary to consider the issue of the extent and nature of hearing required prior to entering a formal order of dismissal on grounds of abandonment.
For the reasons set forth hereinabove, the judgment of the trial court dismissing the appeal is reversed and set aside and the appeal is reinstated. The Clerk of the trial court is ordered to prepare the record on appeal and cause it to be lodged with this court on or before forty-five (45) days from the finality of this judgment, without the payment of costs by the appellant.
REVERSED AND APPEAL REINSTATED.

. C.C.P. Art. 2126B, requires payment within 20 days of mailing of the notice.