BOWES, Judge.
Ronald Dupont (plaintiff/appellee) filed a claim for unemployment benefits which was denied by the Agency of the Department of Labor. This decision was affirmed by the appeals referee, and affirmed by the Board of Review for the Department of Labor, Office of Employment Security (hereafter the “Department”). The trial court reversed these findings and assigned reasons. The defendant appeals. We reverse.
Dupont worked as a security guard for Certified Investigation and Security Consultants (hereinafter C.I.S.C.) for approximately eighteen (18) months. He had no set work schedule but worked on an “as assigned” basis. His job duties required that he work at various locations which necessitated that he have an automobile in working condition.
Dupont was involved in a non-work related automobile accident on July 4,1984. He telephoned his supervisor and stated that he would not be able to report for his next assignment. He was able to get the car home and remove the damaged parts, but could not afford replacement parts at that time. On Thursday, July 5, he again phoned his supervisor, this time to request that he be paid a few days in advance of the regularly-scheduled pay day so that he could purchase the materials and parts needed to fix his car. The supervisor informed Dupont that he would not be able to receive his pay check before the date it was scheduled to be issued, Monday July 9, 1984. On that date, Dupont received his salary and returned on July 23, 1984, to pick up his final check for the last day he had worked.
Dupont did not repair his damaged vehicle, instead purchased another used car. Dupont neither returned to work for C.I. S.C. after getting another car, nor informed C.I.S.C. that he was able to accept assignments again. Instead, Dupont filed a claim for unemployment benefits with the Department on or about July 15, 1984. This claim was denied by the Agency on August 16, 1984 for the following reasons:
You left your employment because you did not have transportation to and from the job. Transportation to and from work is the responsibility of the employee. Your leaving was for personal reasons and not for good cause connected with the employment.
Dupont appealed the determination to an appeal referee of the Department. Following a hearing thereon, the referee upheld the determination of the Agency denying his benefits for the following reasons:
“[Tjhe claimant did not wish to return to the named employer because of problems with his pay. The employer had paid the claimant on two different pay checks for one pay period, and one of the checks was under a different company name; the claimant was convinced that the purpose of the two pay checks was to avoid paying the claimant for overtime that he had worked; however, the claimant never questioned the employer concerning the reason he was paid on two different checks for the same pay period. The claimant also suspected that the employ *288 er was withholding too much tax from his wages, but the claimant likewise did not question the employer concerning the amount of his withholding.
The facts presented at the hearing show that the claimant left the job by failing to return to work after experiencing transportation problems. Although the claimant was initially unable to report to work after his car was involved in an accident, the facts show that the claimant failed to inform the employer that he was again available for assignments after he obtained other transportation. Although the employer was not willing to issue the claimant his pay check prior to regular pay day, the employer did issue the check on the scheduled day for payment. The evidence suggests that the employer would have permitted the claimant to return to work once he had obtained reliable transportation. The claimant essentially left the job by failing to hold himself available for assignments with the employer, and he did not give the employer a reason for his failure to return to work for them. Although the claimant was concerned about possible discrepancies in his pay checks, the claimant acknowledges that he did not question the employer concerning problems with his checks. It is concluded that the claimant left his job for personal reasons and without good cause connected with the employment.
Dupont then appealed the referee’s decision to the Board of Review of the Department, which affirmed the referee’s decision. He then appealed to the Twenty-ninth Judicial District Court. The district court reversed the judgment of the Board of Review of the Department.
The Department appeals and presents two assignments of error:
1. The decision of the Board of Review that the claimant left his job without good cause connected with the employment was based upon sufficient competent evidence.
2. As a matter of law, the findings of fact justified the decision of the Board of Review.

Assignment of Error No. 1

In this assignment, appellant contends that Dupont did not voluntarily leave the job with good cause connected with employment as required by LSA-R.S. 23:16o!.[1]
The scope of appellate review for cases arising pursuant to Louisiana Employment Security Law is set forth in LSA-R.S. 23:1634. The statute provides for judicial review of such cases as follows:
In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.
In this case, the trial judge states in his reasons for judgment:
In the instant case, the Agency specifically found, and stated in its Notice of Claim Determination, that petitioner “left [his] employment because [he] did not have transportation to and from the job.” It is the finding of this Court that the Agency made an erroneous legal determination in finding petitioner’s leaving his employment because of lack of transportation to be without good cause. The decision of the Board of Review affirming petitioner’s disqualification is therefore reversed.
We note that while it is true the Agency determined Dupont left his employment because he did not have transportation, the Appeals referee, although affirming the decision of the Agency, did not make the same findings. The appeals referee, and the Board of Review in affirming the decision of the appeals referee, found that Du-pont voluntarily left his position with C.I. S.C. for other reasons (to be discussed later *289 in this opinion) that did not meet the test of LSA-R.S. 23:1601.
As we have previously observed, LSA-R.S. 23:1634 requires that the “... findings of the board of review as to facts .. [emphasis added], not the findings of the Agency, will be considered in a review of this type. The Board of Review did not hold a separate hearing in this case. They reviewed the records of the case and ordered that the decision of the appeals referee be affirmed. Consequently, it is the findings of the appeals referee, which were ultimately affirmed by the Board of Review, and not those of the Agency that should have been considered by the trial judge.
When the findings of the Board of Review are considered, judicial review is limited to a determination of whether the facts are supported by competent evidence and whether the facts, as a matter of law, justify the actions taken. Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Dubois v. La. Dept of Labor, Off of Emp. Sec., 427 So.2d 645 (La.App. 5 Cir.1983); Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1 Cir.1983); LSA-R.S. 23:1634.
The standard of review set forth in LSAR.S. 23:1634 regarding sufficient evidence has been interpreted previously by the Louisiana Supreme Court. In Banks v. Administrator of Dept, of Employment, 393 So.2d 696 (La.1981), the Court held: “... there must be legal and competent evidence to support the factual findings on which the administrative determination turns.” See also Southeastern Louisiana University v. Shelton, supra.
Our review of the transcript of the hearing held before the appeals referee supports the decision of the Board of Review. Dupont testified on his own behalf and, although he does state that initially he failed to report for work on a specific day due to transportation problems, he does not explain why he failed to return to work once his transportation problem was solved. A great portion of his testimony details his dissatisfaction with the working conditions at C.I.S.C. Dupont testified that on three separate occasions he reported to work only to find that the job had been cancelled without notifying him. He did admit he was paid for two hours on these occasions. Dupont also stated that the work schedules were constantly being changed.
Further, it appears from his testimony that Dupont’s major complaint with C.I. S.C. involved problems he perceived with his payroll checks. He stated that on one occasion he received two payroll checks to pay him for the number of hours he worked in one payroll period; he claimed this was done to avoid paying him time and one-half for the two and one quarter hours of overtime he worked during the period. Dupont also made the claim that C.I.S.C. was deducting too much federal income tax from his payroll check, approximately $1.16 per check.
When asked if he ever discussed any of these problems with C.I.S.C., Dupont replied that he had not done so prior to bis leaving. He also stated that he failed to inform the company he did not intend to return to work and gave no reason for his failure to return to his employment with C.I.S.C. when he obtained an automobile once again.
The claimant’s sworn testimony alone is sufficient evidence to meet the requirements of LSA-R.S. 23:1634. Trunkline Gas Co. v. Administration, Dept, Etc., 364 So.2d 1365 (La.App. 3 Cir. 1978). Judicial review of the findings of the Board of Review does not permit the weighing of evidence, drawing of inferences, reevaluation of evidence or substituting the views of the court for that of the Board of Review as to the correctness of the facts presented. Dubois v. La. Dept, of Labor, Off. ofEmp. Sec., supra. We find that, in accordance with the facts presented to the appeals referee, and affirmed by the Board of Review, Dupont voluntarily left his position when work was available and did not have good cause to terminate his employment. It is true that Dupont was unable to attend work for a short time due to transportation difficulties. However, it is apparent that he failed to return to work for C.I.S.C., when he had transportation again, *290 because of his displeasure with their scheduling and payroll practices. Accordingly, we find this assignment of error has merit.

Assignment of Error Number 2

Appellant asserts that claimant’s reasons for abandoning his job were neither compelling nor necessitous; rather they were purely personal and did not constitute valid cause for leaving his employment. We agree. Since we find sufficient evidence to support the findings of the Board of Review, the question now before us is whether, under the facts stated above, Dupont is disqualified under LSA-R.S. 23:1601(1). We do not believe that the unemployment compensation statute was intended to award benefits to a worker who quits because he is dissatisfied with the scheduling and payroll practices of his employer. We conclude, therefore, that Du-pont terminated his employment without good cause connected with his employment and is disqualified from eligibility for unemployment compensation benefits.
Accordingly, for reasons assigned, the judgment of the Twenty-ninth Judicial District Court and the ruling of the Agency of the Department of Labor, which was affirmed by the Appeals Referee and Board of Review for the Department of Labor, Office of Employment Security, denying Mr. Dupont’s claim for unemployment benefits is reinstated. Appellee is ordered to pay the costs of this appeal.
REVERSED AND RENDERED.

. LSA-R.S. 23:1601 reads in pertinent part:
§ 1601. Disqualification for benefits An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment from a base period or subse-' quent employer without good cause connected with his employment.