136 So.2d 99 (1962)
Morris J. FRILOUX
v.
ADMINISTRATOR, DIVISION OF EMPLOYMENT SECURITY OF the DEPARTMENT OF LABOR.
No. 345.
Court of Appeal of Louisiana, Fourth Circuit.
January 2, 1962.
Marion Weimer, Baton Rouge, for defendant and appellant.
*100 Leon C. Vial, III, Hahnville, for plaintiff and appellee.
Before McBRIDE, REGAN and HALL, JJ.
McBRIDE, Judge.
By means of this action Morris J. Friloux sought a judicial review of the determination made by the Board of Review of the Division of Employment Security of the State of Louisiana, whereby said Board denied his application for unemployment compensation. The lower court considered the matter pursuant to LSA-R.S. 23:1634 and rendered a judgment which in effect reversed the determination of the Board of Review and remanded the matter to the Board and the Administrator with instructions that Friloux be reinstated for and made eligible for unemployment benefits. The Administrator, from said judgment, has taken an appeal to this court which is now before us for determination.
Friloux, a geologist 26 years of age who had been employed by Core Laboratories, Inc., as a well logger, made application to the Division of Employment Security for unemployment benefits, and the Division in due course concluded and determined that plaintiff had left his employment without good cause connected with the employment and held him to be disqualified from any benefits; this determination was affirmed by the Appeals Referee of the Appeals Tribunal and finally the conclusions of the Appeals Tribunal were in turn affirmed by the Board of Review.
The statute which authorizes a judicial review of the determination of the Board of Review contains express provisions to the effect that if the findings of fact of the Board of Review are supported by evidence, they shall be conclusive in the absence of fraud, and the jurisdiction of the court shall be confined to questions of law only. LSA-R.S. 23:1634. The words "supported by * * * evidence" mean legal, competent, and sufficient proof. See Abrams v. Sharp, La.App., 115 So.2d 880.
The evidence which the Board of Review considered consists of plaintiff's oral testimony before the Appeals Referee, together with letters plaintiff had written to the Appeals Referee and the Board of Review. The testimony and the letters, we think, would constitute legal evidence. In its decision the Board of Review stated the facts of the case to be as follows:
"The evidence, in the instant case, reflects that the claimant resigned his employment voluntarily. The question before this Board is to determine whether or not he had good cause connected with the employment when resigning as defined by the Louisiana Employment Security Act. Evidence presented by the claimant is to the effect that he worked seven weeks and he became dissatisfied because during this time he had worked for four separate crews in six different locations. He objected to being changed about so often, and this was one of the primary reasons for his leaving the job. He was informed by an official that the possibility of overseas' employment was not too great because of pending layoffs. He was informed by another employee that the chances for advancement were also not too good. According to the claimant, he was advised of the hours of work and working conditions at the time of his hiring."
Friloux suggests no fraud. He alleged in his petition seeking a judicial review that the employer misrepresented to him that he would be compensated for his services at a monthly salary of $425, plus whatever additional benefits, such as boat time, overtime, room and board, and transportation allowance, that had been allowed by his previous employer. There is no support for such allegations of misrepresentation on the part of the employer. Plaintiff's own testimony would negative any thought of misrepresentation. When asked by the Appeals *101 Referee if he understood that he would not be paid for overtime work, Friloux's reply was:
"I-I imagine so, sir. * * *"
Young Friloux stated that it was his desire to pursue his education further, and to that end he desired to have foreign or overseas work in order that the increased salary for such service would permit him to save enough money to take a university course leading to a master's degree in geology. Such desire on the part of Friloux was commendable. However, we have read his testimony and letters and do not find any assertion by Friloux that when he entered the employment the employer made any specific agreement to send him overseas. All that we can find is that the company promised foreign employment "real soon." It seems that Friloux was impatient, and when the opportunity for foreign employment did not present itself in seven weeks, he became highly dissatisfied with his job and quit.
We think that all of the allegations of fact found by the Board of Review are fully supported by competent evidence, so we are relegated solely to a question of law and that is whether the applicant left his employment without good cause.
LSA-R.S. 23:1601, as amended, provides in part as follows:
"An individual shall be disqualified for benefits:
"(1) If the administrator finds that he has left his employment without good cause connected with his employment. * * *"
The pay ($425 per month) was good and Friloux raised no complaint about inadequacy. He took the job with his eyes open knowing of the conditions thereof and especially knowing that he would be sent overseas "real soon." In view of this, we do not think he terminated the employment for good cause. To constitute good cause the circumstances attending the final termination of the employment must be compelling and necessitous and not merely because the applicant is dissatisfied with conditions that he well knew existed at the time he accepted the employment.
Considering the record as a whole, we are unable to find any error of law on the part of the Board of Review.
Therefore, the judgment appealed from is reversed, and it is now ordered that plaintiff's judicial appeal be dismissed, and that the determination of the Board of Review be sustained and affirmed.
Reversed and rendered.