GLADNEY, Judge.
The defendants have appealed to this •court from a judgment .which reversed a ruling of the Louisiana Board of Review for the Division of Employment Security of -the Department of Labor, State of Louisi.ana, and removed claimant’s disqualification from the receipt of unemployment Tbenefits.
The agency determined that the employee voluntarily left her last position on July 28, 1962, because her employer ordered her to -work from 9:00 o’clock A.M. until 6:00 o’.clock P.M., instead of the regular hours of .8:00 o’clock A.M. until 4:30 o’clock P.M., .and also due to the fact that her employer would not grant a leave so that she could -visit her son in California.
Judicial review of the Board’s -rulings under LSA-R.S. 23:1634 is limited -to questions of law, findings as to facts be-ing binding on the court if supported by -sufficient evidence. Two questions of law .are presented by this appeal: are the findings as to the facts supported by sufficient • evidence? and are the conclusions drawn from these facts correct as a matter of law? It cannot be denied that the circumstances relating to the separation of plaintiff from her employment supply sufficient evidence to support a judgment of the Board of Review. In Wilson v. Brown & Shreveport Garment Factory, La.App., 147 So.2d 27 (2d Cir. 1962) this court said:
“When the evidence produced at a hearing before an administrative agency is open to various constructions, the reviewing court must accept the finding of the agency. We think the record contains sufficient evidence to justify the factual determination of the Board of Review.”
A general statement of the law from 81 C.J.S. Social Security and Public Welfare § 171 under the heading “Working Conditions” was quoted with approval in Flournoy v. Brown, La.App., 140 So.2d 729 (3rd Cir. 1962) to this effect:
“ ‘An employee may sometimes be justified in voluntarily terminating his employment, without losing his right to unemployment compensation, where he is called on to work under less favorable conditions, or where he is transferred from available work to work of a substantially different nature; but a change in the work ordinarily does not justify the employee in terminating his employment where the employer no longer has occasion to use the employee in the work he had formerly performed, either permanently or temporarily, but can continue the employment in some related capacity. Working conditions which are dangerous or detrimental to health constitute good cause for leaving one’s employment. On the other hand, customary working conditions not involving deceit or other wrongful conduct on the part of the employer are not a sufficient reason for an employee voluntarily to leave his most recent work.’ ” 81 C.J.S. Social Security and Public Welfare § 171, p. 258.
*432 The reason assigned for rejecting the employee’s claim was claimant’s refusal to work the hours assigned to her by her employer. A review of the record before the Court reveals that the decision of the Board of Review was not arbitrary nor discriminatory and it should have been affirmed. Friloux v. Administrator, Division of Employment Security of Department of Labor, State of Louisiana, La.App., 136 So.2d 99 (4th Cir. 1962); Robertson v. Brown, Administrator of the Division of Employment Security, Department of Labor, State of Louisiana, La.App., 139 So.2d 226 (1st Cir. 1962); McGinnis v. Moreau, et al., La.App., 149 So.2d 188 (3rd Cir. 1963).
The judgment appealed to this Court is reversed and the ruling of the Louisiana Board of Review is reinstated and made the judgment of this Court, costs to be assessed according to law.