PONDER, Judge.
Defendant, Louisiana Department of Corrections, appealed from the reversal of the determination by the Louisiana Employment Security Board of Review that plaintiff was not entitled to unemployment benefits.
The issues are the scope of judicial review and whether the cost of transportation existing prior to employment can be a “good cause connected with employment” so as to entitle claimant to unemployment benefits.
We reverse and render.
Plaintiff obtained employment at the Dixon Correctional Institute located approximately forty-five miles from his home. He planned to arrange a car pool to and from work, but was unable to do so. After working two months, plaintiff quit. The denial of plaintiff’s claim for unemployment benefits by the Louisiana Office of Employment Security Appeals Referee was affirmed by the Louisiana Employment Security Board of Review, on the finding that plaintiff was aware of the cost of transportation when he accepted employment. His resignation was therefore without good cause connected with employment. Defendant, Department of Corrections appealed the trial court’s reversal. Defendant, Louisiana Administrator of the Office of Employment Security, joined in plaintiff’s prayer that the decision of the trial court be affirmed.
The Louisiana Department of Corrections argues that the court improperly applied the standard for judicial review found in LSA-R.S. 23:1634.[1] We find no error. The court accepted the findings of fact by the Board of Review as conclusive and based its reversal on a legal conclusion.
The Department of Corrections urges the trial court misapplied the ruling of Bate- *1281 man v. Howard Johnson Company, 292 So.2d 228 (La.1974) in which the Supreme Court, interpreting LSA-R.S. 23:1601(1) and LSA-R.S. 23:1601(3)(a)[2] together, held that suitability of employment, including the cost of transportation to and from a job, can be a factor in determining whether one had “good cause connected with the employment” for leaving.
We believe defendant’s claim has merit. The court in Bateman ordered compensation paid a claimant who left her employment after public transportation from her work terminated due to a city-wide curfew. Further refining the holding of Bateman, the Supreme Court in Boudreaux v. Louisiana Board of Review, Department of Employment Security, 374 So.2d 1182 (La.1979) stated “... it is good cause connected with employment for an employee to quit his job when the work becomes unsuitable within the meaning of the statute due to unanticipated working conditions.” The court allowed compensation to a claimant who left employment after being transferred to a post requiring a forty-eight mile round trip.
Here, however, plaintiff was aware of the ninety-two miles round trip when he accepted employment. His failure to form a private car pool, while unfortunate, is not an unanticipated working condition within the meaning of Bateman and Boudreaux.
Because we find the holding in Bateman inapplicable to this case, we find it unnecessary to address appellant's challenge to the legal soundness of that decision.
For the above reasons the judgment of the trial court is reversed. It is now ordered, adjudged and decreed that the decision of the Louisiana Employment Security Board of Review be affirmed.
*1282 Appellee is relieved of the costs of this appeal by LSA-R.S. 23:1692.
REVERSED AND RENDERED.
LOTTINGER, J., concurs.

. LSA-R.S. 23:1634:
“Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant. The petition for review need not be verified but shall state the grounds upon which such review is sought. The administrator shall be deemed to be a party to any such proceeding. If the administrator is a party defendant, a certified copy of the petition shall be served upon him by leaving with him, or such representative as he may have designated for that purpose, as many copies of the petition as there are defendants. With his answer or petition, the administrator shall certify and file with the court a certified copy of the record of the case, including all documents and papers and a transcript of all testimony taken in the matter, together with the board of review’s findings, conclusions, and decision. Upon the filing of a petition for review by the administrator or upon the service of the petition on him, the administrator shall forthwith send by registered mail to each other party to the proceeding a copy of the petition, and such mailing shall be deemed to be completed service upon all parties. In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file such additional or modified findings and conclusions, together with a transcript of the additional record, with the court. Such proceedings shall be heard in a summary manner and shall be given precedence over all other civil cases except cases arising under the workmen’s compensation law of this state. An appeal may be taken from the decision of the district court to the circuit court of appeals in the same manner, but not inconsistent with the provisions of this Chapter, as is provided in civil cases. It shall not be necessary as a condition precedent to judicial review of any decision of the board of review to enter exceptions to the rulings of the board of review, and no bond shall be required as a condition of initiating a proceeding for a judicial review, or entering an appeal from the decision of the court upon such review. Upon the final termination of a judicial proceeding, the board of review shall enter an order in accordance with the mandate of the court.”

. LSA-R.S. 23:1601(1) and LSA-R.S. 23:1601(3)(a):
“An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or the United States, equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances.
* * * * *
(3) If the administrator finds that he has failed, without good cause, either to apply for available, suitable work when so directed by the administrator or to accept suitable work when offered him, or to return to his customary selfemployment, if any, when so directed by the administrator. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law, or to the unemployment insurance laws of any other state or of the United States, equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances.
(a) In determining whether or not any work is suitable for an individual, the administrator shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience, his length of unemployment, his prospects for securing local work in his customary occupation, and the distance of the available work from his residence, his highest level of educational attainment as evidenced by a formal degree. In addition, the administrator shall consider the individual’s prior earnings unless employment is offered by a base period employer, in which case the rate of remuneration and the level of skill shall be equal to or greater than the highest amount paid the employee in his former employment with said base period employer; but, in no case shall the employee be required to accept remuneration from any employer at a level below 80 percent of his highest rate of pay in his base period; nor, shall he be required to accept remuneration at less than the employer pays other employees with comparable skills; nor, shall such employee be required to accept compensation at a rate below the scale provided in any employee agreement to which he or his agent is a party.
* * * He * *
(a) In determining whether or not any work is suitable for an individual, the administrator shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence.” (Acts 1978 Nos. 517 § 2 and 538 § 1 both amended and reenacted R.S. 23:1601(3)(a).)