424 So.2d 356 (1982)
Odell Reed McDONALD, Plaintiff-Appellant,
v.
Thomas M. LOCKWOOD, Department of Employment Security et al., Defendants-Appellees.
No. 15057-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1982.
Minard & Evans by Cameron C. Minard, Columbia, for plaintiff-appellant.
Paul B. Wilkins, Columbia, for defendants-appellees.
Before PRICE, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
An unemployment compensation claimant appeals a district court judgment affirming a denial of benefits by the Board of Review of the Louisiana Division of Employment Security.
Finding that the claimant-employee left her employment for good cause, we reverse and remand.
According to the record, the claimant, a 62 year old female, had been employed as a nurse's aid by the Columbia Heights Nursing Home in Columbia for some 16 years, the last seven of which she worked a day shift from 7 o'clock A.M. to 3 o'clock P.M. On or about October 9, 1980 the claimant was advised by her employer that she was being immediately changed from the day shift to either the evening shift (3 P.M. to 11 P.M.) or to the night shift (11 P.M.7 A.M.). The claimant objected to this change, asserting that she lived alone in an isolated area and, as with another nurse's aid in a similar situation (Mrs. Meredith), would fear for her safety if required to travel alone at night.
The appeals referee found:
"The evidence indicates that the claimant resigned from her job when she was advised by her employer that she was being taken off of the day shift and would have to work either the evening or the night shift. In view of the fact that the claimant had previously worked the other shifts, that she had not at any time been guaranteed she would be allowed to remain indefinitely on the day shift and since she was aware of the employer's policy that she could be changed from one shift or another as the need arose, it must be held that her leaving was not for good cause connected with the employment. Her separation from employment was therefore, under disqualifying circumstances."
This ruling was affirmed by the Board of Review and by the district court.
A claimant is disqualified from receiving unemployment compensation benefits if he *357 leaves his employment without good cause connected therewith. La.R.S. 23:1601.
As pointed out in McGraw v. Director of Postal Data Center, 319 So.2d 797 (La.App. 1st Cir.1975), the term "good cause connected with one's employment" means:
"[c]ause connected with working conditions, ability of the employee to continue the employment, availability of transportation to and from work, and other factors which affect the employee's ability or right to continue work ...."
In this case no attempt was made by the employer to refute the testimony of the claimant concerning the possible danger to her safety if she was required by her employment to travel alone at night. There was no challenge to any of the asserted facts upon which her fears were based. Granted that, at the time of her original employment many years before, claimant worked different shifts and was not assured of permanent day shift work, during the past seven years she worked only the day shift. Of course, during her long employment tenure significant changes occurred she grew older and rising crime rates nurtured widespread fears, particularly among those in her category, of the threat of possible violent assaults. Nothing in the record indicates that the claimant's apprehensions were baseless.
Under these circumstances, though accepting the administrative agency's finding of fact, we disagree with its interpretation of those facts. Conversely, it is our determination that the claimant left her employment for good cause connected with that employmentnamely, a significant change in her working conditions which she could not reasonably accept.
For these reasons, we reverse the judgment of the district court and remand this matter to the Board of Review for entry of an order declaring the claimant to be eligible for such benefits as the law provides, all in accordance with this opinion.