430 So.2d 375 (1983)
Billye G. PEGUES, Plaintiff-Appellant,
v.
OFFICE OF EMPLOYMENT SECURITY OF the STATE OF LOUISIANA, et al., Defendants-Appellees.
No. 82-780.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
Billye G. Pegues, in pro. per.
Ann M. Metrailer, Baton Rouge, for plaintiff-appellant.
James A. McGraw, Legal Unit, Baton Rouge, for defendants-appellees.
Before FORET, CUTRER and DOUCET, JJ.
DOUCET, Judge.
Plaintiff appeals from the denial of unemployment compensation benefits. During the term of her employment, plaintiff decided to marry and move to another part of the state. Her relocation created transportation problems, hence she resigned. The tribunals below found her resignation was not for good cause connected with her employment. We affirm.
The plaintiff-appellant, Billye G. Pegues, began employment with the Louisiana Department of Health and Human Development as a Service to Parents Worker in June of 1978. At the time she was single and living in Leesville, Louisiana, approximately one mile from her office. Thereafter, in August of 1980, plaintiff married and she changed her residence to DeRidder, Beauregard Parish, Louisiana. After working three years, plaintiff told her supervisor on October 26, 1981, she was going to resign. Subsequently, plaintiff filed a claim for unemployment compensation. In a written *376 statement submitted to the Louisiana Office of Employment Security plaintiff indicated that she resigned because she was having transportation problems. She indicated that she had married during her employment and moved to DeRidder, considerably farther from her place of employment. She stated that for a while she was carpooling to and from work, but the carpool was dissolved. She then asked for a transfer to DeRidder, but since no position was available in DeRidder, she resigned due to her transportation difficulties.
Plaintiff was disqualified from receiving unemployment compensation by the Louisiana Office of Employment Security in a "Notice of Claim Determination", which was mailed on December 1, 1981. The plaintiff appealed the disqualification, and an appeal hearing was held on December 15, 1981. The Appeals Referee, Isham R. Hudson, affirmed the disqualification. The plaintiff then appealed to the Louisiana Board of Review, which affirmed the decision of the Appeals Referee. Following the decision of the Board of Review, the plaintiff filed for judicial review in the 36th Judicial District Court for the Parish of Beauregard. The trial court determined that the findings of fact of the Louisiana Office of Employment Security were supported by sufficient, competent evidence and that the legal conclusions of the agency were correct as a matter of law.
The scope of our judicial review is set forth in LSA-R.S. 23:1634, which provides in pertinent part that where the findings of the board of review are supported by sufficient evidence the jurisdiction of this court shall be confined to questions of law. Southern Bell Telephone and Telegraph Co. v. Administrator, Division of Employment Security of Dept. of Labor, 200 So.2d 761 (La.App. 3rd Cir.1967). Appellant maintains that the tribunals below erred in finding her resignation was, as a matter of law, not for good cause connected with her employment and contends they erred in their reliance on Hurst v. State of Louisiana, Div. of Administration and the Administrator of Louisiana Dept. of Employment Security, 394 So.2d 1279 (La.App. 1st Cir.1981).
In Hurst it was held that where an employee was aware of the 92-mile round trip when he accepted employment, his failure to form a car pool to and from work, while unfortunate, was not an unanticipated working condition connected with employment so as to be good cause justifying unemployment benefits. We find the holding in Hurst to be persuasive in our disposition of this case.
Plaintiff's transportation difficulties were the result of her own volition: her desire to marry and live with her husband in DeRidder. She chose a new residence further from her job, thereby increasing her travel expenses. Her subsequent failure to form a car pool, while unfortunate, does not entitle claimant to benefits. Plaintiff's personal reasons for resigning cannot be said to be "good cause connected with her employment" within the meaning of the statute. LSA-R.S. 23:1601(1).
Therefore, for the above and foregoing reasons, the judgment appealed is AFFIRMED at appellant's cost.