457 So.2d 825 (1984)
The LOUISIANA DEPARTMENT OF CORRECTIONS
v.
ADMINISTRATOR, LOUISIANA OFFICE OF EMPLOYMENT SECURITY and Ann P. Simpson.
No. 83 CA 1115.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
James D. Caldwell, Jonesboro, and Ann Metrailer, Baton Rouge, for plaintiff-appellant The Louisiana Dept. of Corrections.
*826 James A. McGraw, Baton Rouge, for defendants-appellees Administrator, Louisiana Office of Employment Sec. and Ann P. Simpson.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
This is an appeal from a district court judgment affirming an administrative determination by the Office of Employment Security of the Department of Labor (OES) that an employee was entitled to unemployment compensation benefits because she resigned her position for good cause when she was changed from eight-hour work shifts to twelve-hour shifts.

FACTS
Ann P. Simpson resigned her position as an L.S.P. Sergeant with the Department of Corrections (DOC) effective April 23, 1981. She filed a claim for unemployment compensation benefits on May 3, 1981. As part of this claim, Simpson gave her reasons for leaving as follows:
The hours are from 5 a.m. to 5 p.m. (sic) which meant I would have to leave home at 3:05, as soon as my two boys aged 7 and 9 got home from school and before my just made teenage daughter got home from school. 16 hours of paying a babysitter, 4 hours on the road (driving) and 12 hours on the tower is too much for any mother of young children to handle. There would be no one to make sure their homework was done, baths were taken, supper was fixed. I would not be home to get them dressed for school or ever fix breakfast with these hours. Even if they had an 8 hour job, we only had one automobile & they would not have given my partner a daytime or an 8 hour job. We asked more than once. I have a child 7 years old with a speech problem and a behavior problem. Leaving him with another person for 16 hours a day would destroy all we have accomplished with him in the past year.... Including 12 hrs. working, 4 hours traveling & the little time left for sleeping there would be no time for cooking or any housekeeping.
DOC resisted this claim. On May 19, 1981, OES ruled that Simpson resigned for good cause and that she was entitled to benefits. La.R.S. 23:1600, 1601 and 1624.
On May 29, 1981, DOC took an appeal to the Appeal Tribunal of OES. La.R.S. 23:1629. On June 11, 1981, the appeals referee affirmed the OES ruling with the following factual and legal findings:
The claimant worked for the above named employer from April 19, 1978 until April 21, 1980 (sic). She worked as an L.S.P. Sergeant, working eight hour shifts, four days a week. For her services she received $1,138.00 a month, plus $100.00 a month in premium pay. The claimant resigned from her employment effective April 23, 1981, because she did not like the night 12 hour shift because of her children.
The employer was undergoing a change from 8 hour shifts to 12 hour shifts. The claimant worked at the main prison and was scheduled to change June 1981. However, Col. Wall requested that the change be made effective May 8, 1981. Col. Wall also advised there were some 8 hour jobs left and requests for transfers were to be submitted April 29th. The claimant could have submitted a request for a transfer to an 8 hour job or she could have requested a transfer to a day shift.
....
The facts, evidence and testimony in this case indicate the claimant could not work the new working hours as established by the employer. Therefore, it is concluded the claimant had good cause connected with the employment for leaving the employment.
On June 22, 1981, DOC appealed to the OES Board of Review. La.R.S. 23:1630. On September 4, 1981, the Board of Review, in a 2-1 decision, affirmed the ruling of the appeal referee. The majority of the Board of Review made the following factual and legal rulings:

*827 After carefully reviewing all the testimony and evidence in this case, the majority of the Board of Review finds that the claimant's separation from this employment was brought about because the employer was making changes in the employee's working hours.
The majority further finds that the claimant's hours were changed from eight-hour shifts to twelve-hour shifts.
The Board of Review and the Courts of Louisiana have consistently held that if the employer violates the hiring agreement, or makes substantial changes in the working agreement, and the employee leaves for that reason, then his leaving is for good cause connected with the employment. In the case at hand the majority finds that the employer did, in fact, change the employee's working agreement from an eight-hour shift to a twelve-hour shift.
The dissenter assigned the following reasons:
The employer was changing from eight-hour to twelve-hour shifts; however, there were some eight-hour jobs left, and requests for transfer were to be submitted April 29. The claimant could have made a request for a transfer to an eight-hour job or she could have requested a transfer to a day shift.
The writer believes the claimant did not exercise all the opportunities that were available to her by not requesting an eight-hour job or a transfer to a day shift. The claimant had been working eight-hour shifts previous to the proposed change, so the writer does not believe the claimant has made a serious effort to protect her employment and should be disqualified for benefits under R.S. 23:1601(1).
This suit was filed in district court on September 17, 1981. La.R.S. 23:1634. On May 27, 1983, the district judge affirmed the ruling of the Board of Review with the following reasons:
She had a good period of work on an eight-hour shift, they changed the shifts to twelve hours and because of her situation at home, and in the opinion of the Court it amounts to a substantial change in the job, and because of that she resigned. It's, uh, not clear in the record, in this Court's opinion, as to whether she was told she could have her same job, that's certainly not clear. There's something in the record to the effect that eight-hour shifts were still available and she didn't apply. How many were available, how many applicants there were is, uh, is not in the record. The record could be much clearer on that point and if in fact there was an eight-hour shift available to her that she could of worked on and that was clear in the record I would say yes, she left her employment because of what's happening at home.
This devolutive appeal followed.

GOOD CAUSE FOR RESIGNATION
Good cause connected with a person's employment, as defined in La.R.S. 23:1601, means cause connected with working conditions, ability of the employee to continue the employment, availability of transportation to and from work and other factors which affect the employee's ability or right to continue work or which affect the benefits he may receive from his employer either upon continuation of work or retirement. McGraw v. Director of Postal Data Center, 319 So.2d 797 (La.App. 1st Cir.1975). It is good cause connected with employment for an employee to quit his job when the work becomes unsuitable due to unanticipated working conditions. Boudreaux v. Louisiana Board of Review, Department of Employment Security, 374 So.2d 1182 (La.1979); Hurst v. State, Division of Administration, 394 So.2d 1279 (La.App. 1st Cir.1981). Personal reasons for resigning employment are not good cause connected with employment. Pegues v. Office of Employment Security of State of Louisiana, 430 So.2d 375 (La.App. 3rd Cir.1983). A change in an employee's shift work may constitute good cause to resign his employment. McDonald v. Lockwood, 424 So.2d 356 (La.App. 2nd Cir.1982). The findings of fact of the Board of Review are conclusive, if supported by sufficient evidence *828 and in the absence of fraud, and the jurisdiction of this court is confined to questions of law. La.R.S. 23:1634.
The majority of the Board of Review found as a fact that Simpson's shift hours were changed from eight to twelve. Simpson's statement to OES shows that this change in working requirements would substantially and adversely affect her home life with her family. These facts establish good cause for her resignation.
Although DOC proved that some eight-hour shifts were open and that applications were being accepted for such shift work, the record does not demonstrate that Simpson would have been assigned to such a shift. We agree with the district court judge that, in the absence of a showing that Simpson would have been given an eight-hour shift upon her application for such, DOC has not successfully defended against her claim. Simpson was not required to do a vain and useless thing to preserve her right to unemployment compensation benefits. The burden was on DOC to demonstrate that Simpson would have been kept on an eight-hour shift had she applied for such.

DECREE
For the foregoing reasons, the judgment of the district court is affirmed. No party to this litigation is legally responsible for its costs, and they must be absorbed by the clerk of this court and the clerk and sheriff of the trial court. Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983).
AFFIRMED.