460 So.2d 714 (1984)
Donald JOSHUA, Plaintiff-Appellee,
v.
STATE of Louisiana, OFFICE OF EMPLOYMENT SECURITY, et al., Defendants-Appellants.
No. 83-1119.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
Ralph Johnson, New Orleans, for defendant-appellant-appellee.
Eddie G. Crawford, Baton Rouge, for defendant-appellant-appellee.
John T. Bennett, Marksville, for plaintiff-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Donald Joshua, a claimant for unemployment benefits, having quit one job for another with higher pay and less travel to and from work, was determined disqualified by the Office of Employment Security, a decision reversed by the district court. The employer, Schwegmann Giant Super Markets, Inc., as well as the Office of Employment Security, appeal, contending that the district court was in error and that the agency determination was correct, arguing that Joshua left the job without good *715 cause connected with his employment, and he was therefore not entitled to benefits. We agree with appellants, reverse the district court, and reinstate the decision of the Louisiana Board of Review of the Office of Employment Security.
The facts are contained in brief testimony before the claims referee. Donald Joshua began working for Schwegmann Giant Super Markets, Inc., as a dock worker on February 8, 1982. The job site was 40 miles from his home. Joshua found another job with Browning Ferris Industries which afforded him more hours at a higher hourly rate and which had the additional advantage of being only three miles from his home. He resigned the job at Schwegmann's on September 17, 1982, and took the one at Browning Ferris, where he worked for one and a half months before being laid off. When he applied for unemployment compensation benefits based on his former employment with Schwegmann, the application was denied.
The appeals referee found a disqualification for benefits, based on R.S. 23:1601(1), on the finding of fact that the claimant quit his job because he had found other employment which paid higher wages. The Louisiana Board of Review affirmed.
The scope of judicial review of a decision disqualifying an employee from unemployment compensation benefits is limited to questions of law and whether the decision is supported by sufficient evidence. Gunter v. Louisiana Department of Labor, 442 So.2d 804 (La.App. 4th Cir. 1983).
LSA-R.S. 23:1601(1), as amended by Act 131 of 1981, provides that an individual shall be disqualified for benefits:
"(1) If the administrator finds that he has left his employment period from a base period or subsequent employer without good cause connected with his employment. ..."
It is good cause connected with employment for an employee to quit his job when the work becomes unsuitable within the meaning of R.S. 23:1601(3)(a) due to unanticipated working conditions. Boudreaux v. Louisiana Board of Review, Department of Employment Security, 374 So.2d 1182 (La.1979). It was held in that case that, an employee who, after the initial employment close to home, was transferred to a job-site 48 miles round-trip, suffered a change in transportation costs and therefore in employment suitability, and the change was sufficiently serious transportation was either unavailable or available only at prohibitive coststhat he had a good cause connected with the employment for resigning from the work. Similarly, when an employee began a job not knowing that public transportation would not be available to her when her work shift ended, with the result that she had to pay 40 percent of her wages in taxi fares, it was held the termination was for good cause connected with her employment. Bateman v. Howard Johnson Company, 292 So.2d 228 (La.1974).
Good cause connected with employment is not shown, however, when the reason for leaving a job is because it required a 92 mile round trip daily, when the employee was aware of that condition when he accepted employment, and it was, therefore, not an unanticipated working condition. Hurst v. State Division of Administration, 394 So.2d 1279 (La.App. 1st Cir. 1981). Similarly, in Pegues v. Office of Employment Security of the State of Louisiana, 430 So.2d 375 (La.App. 3rd Cir.1983), it was held that a transportation problem created by an employee's decision to marry and move to another part of the state, did not permit good cause connected with the employment for her to resign.
In the instant case, the claimant in his testimony before the claims referee, gave two reasons for quitting:
"Well, like I said the reason I resigned because I was going to make more money, it was closer to home. I was driving about 40 miles to go to work there and I wasn't making that much. I was making about 30 hours a week. And the money I was making was for me to put gas. I had bills to pay and I had the opportunity *716 to make more money to that job so I went to that job. And I was making more money an hour plus more hours a week."
The first reason, dissatisfaction with his compensation, was not good cause entitling claimant to unemployment benefits. Gunter v. Louisiana Department of Labor, supra. The second reason, the transportation problem, falls into the category of cases where the employee was aware of the travel requirements when he accepted employment; the travel expense was not an unanticipated working condition, and quitting for that reason was not a good cause connected with his employment.
We find that the claimant's own testimony is sufficient evidence to support the findings of fact made by the claims referee. The district court and the court of appeal (both courts are appeal courts in this instance) are held to the same standard of review of the decisions of the Office of Employment Security, concerning whether or not an employee qualifies for unemployment benefits. We find that it was manifest error for the district court to conclude, as a matter of law, that plaintiff was entitled to benefits. For these reasons, the judgment of the trial court is reversed and the decision of the Louisiana Board of Review, finding that the claimant voluntarily terminated his job without good cause connected with his employment, is reinstated and affirmed.
DISTRICT COURT JUDGMENT REVERSED; JUDGMENT OF THE LOUISIANA BOARD OF REVIEW REINSTATED; CLAIM DISMISSED.