SCHOTT, Judge.
This is a claim for unemployment compensation benefits which has been denied at all administrative levels and by the district court. Plaintiff resigned his employment with Credico Financial, Inc. to take another job. After working five and one-half months for the second employer he left this employment under non-disqualifying circumstances and filed his claim for benefits. The issue is whether he left Credico without good cause connected with his employment so that he was properly disqualified for benefits under LSA-R.S. 23:1601 which provides:
“An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or the United States equivalent to at least ten times his weekly benefit amount subsequent to a claim for a com-pensable week for unemployment benefits under this Act and (b) has not left his last work under disqualifying circumstances.”
The initial inquiry is whether the administrator correctly found that plaintiff left Credico, his base period employer, without good cause connected with his employment. At the hearing before the appeals referee, plaintiff testified that he left because he did not want to travel any longer in connection with his job and because he heard Credico was going to be sold which would jeopardize his job. This report did not come from the management of his company. The appeals referee concluded that plaintiff left Credico for personal reasons not connected with his employment.
We agree with the referee’s interpretation of the facts and his conclusion. Plaintiffs decision to leave was not based on a change in working conditions and was not caused by discriminatory or arbitrary treatment by his employer. See McDonald v. Lockwood, 424 So.2d 356 (La.App. 2d Cir.1982); Dunigan v. Admin, of Dept. of Emp. Sec., 351 So.2d 807 (La.App. 1st Cir.1977). He simply decided he no longer wanted to travel in his job — a purely personal preference on his part. Furthermore, his assumption that his job was in jeopardy because the company was going to be sold was not attributable to the employer. This report was more in the nature of a rumor. Such an unfounded fear cannot be classified as employment connected good cause.
In his brief plaintiff argues that this result is unfair. After ten years with Credico he left to take a new job which he lost through no fault of his own. He reasons that he is being penalized for changing jobs. The trial judge likewise remarked that the statute did not seem to produce an equitable result in this case.
Nonetheless, the statutory scheme is such that once plaintiff became disqualified for leaving the first job without good cause, he would continue to be disqualified until he met certain conditions imposed by the legislature. The administrative agency and the courts have no alternative but to apply the law as written.
Accordingly, the judgment is affirmed.
AFFIRMED.