YELVERTON, Judge.
Seascope, Inc., the former employer of Joseph Blaine Boudreaux, appeals the lower court’s order remanding this unemployment compensation case to the Louisiana Board of Review for the taking of additional evidence and such further proceedings by the Board as is authorized by law. We affirm.
Boudreaux worked for Seascope for two and one half years as a relief operator. On May 13, 1983, he quit Seascope and began work the following Monday for Scott’s Refrigeration. This job lasted only four months, ending when Scott’s went bankrupt. Boudreaux thereafter applied for unemployment compensation benefits. Sea-scope opposed benefits.
Boudreaux testified at the review hearing that he quit his job with Seascope because “my pay was cut, my hours were cut, we had to start paying insurance, start paying for our beepers,” and because he had to work in the shop if there were no jobs in the yard to make his hours. However, when he filled out his claim form he gave as the reason for leaving Seascope: “I quit Seascope to go to a better job.” At the hearing when asked why he failed to put down the other reasons, the claimant explained that he was told to put one sentence and that he could explain further on appeal. When claimant quit Seascope he was earning $6.75 an hour and was guaranteed a 40 hour week. Two months before he quit, Seascope cut his pay by 75 cents an hour and reduced his guaranteed hours from 50 to 40. At Scott's Refrigeration where he worked for four months before it went bankrupt, his hourly rate was $9.00 an hour, but he did not always work 40 hours a week.
Based on this evidence the Louisiana Board of Review found that the claimant quit his job in order to' accept other employment and that his reason for leaving was not for good cause connected with his employment. The Board affirmed the Agency’s ruling disqualifying the claimant for benefits. The claimant then petitioned the district court for a judicial review of the case. After a hearing on February 24, 1984, the trial court ordered the case remanded to the Board of Review for the taking of additional evidence. It is from this decision that Seascope has appealed.
Seascope argues that (1) the trial court erred in the taking of additional evidence at the hearing on February 24, 1984, and (2) the trial court erred in remanding this matter to the Board of Review for the taking of additional evidence.
La.R.S. 23:1634 states as follows:
“Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant. The petition for review need not be verified but shall state the grounds upon which such review is sought. The administrator shall be deemed to be a party to any such proceeding. If the administrator is a party defendant, a certified copy of the petition shall be served upon him by leaving with him, or such representative as he may have designated for that purpose, as many copies of the petition as *1159 there are defendants. With his answer or petition, the administrator shall certify and file with the court a certified copy of the record of the case, including all documents and papers and a transcript of all testimony taken in the matter, together with the board of review’s findings, conclusions, and decision. Upon the filing of a petition for review by the administrator or upon the service of the petition on him, the administrator shall forthwith send by registered mail to each other party to the proceeding a copy of the petition, and such mailing shall be deemed to be completed service upon all parties. In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file such additional or modified findings and conclusions, together with a transcript of the additional record, with the court. Such proceedings shall be heard in a summary manner and shall be given precedence over all other civil cases except cases arising under the worker’s compensation law of this state. An appeal may be taken from the decision of the district court to the circuit court of appeals in the same manner, but not inconsistent with the provisions of this Chapter, as is provided in civil cases. It shall not be necessary as a condition precedent to judicial review of any decision of the board of review to enter exceptions to the rulings of the board of review, and no bond shall be required as a condition of initiating a proceeding for a judicial review, or entering an appeal from the decision of the court upon such review. Upon the final termination of a judicial proceeding, the board of review shall enter an order in accordance with the mandate of the court.” (emphasis ours)
The scope of judicial review under La.R.S. 23:1634 of a decision disqualifying an employee from unemployment compensation benefits is limited to questions of law and whether the decision is supported by sufficient evidence. Joshua v. State, Office of Employment Sec., 460 So.2d 714 (La.App. 3rd Cir.1984). No additional evidence shall be received by the court. La. R.S. 23:1634.
In the present case the trial court erred in the taking of additional evidence. However, it was a harmless error. The evidence taken was mainly limited to explain why the claimant did not list all his reasons for terminating his employment on his claim form: Although the evidence should not have been considered by the trial court in its determination, the evidence added little, if anything, to the proceedings.
Appellant also argues that the trial court erred in remanding the case to the Board of Review, contending that the decision by the Board of Review was supported by sufficient evidence.
Appeals may be taken only from final judgments and from interlocutory judgments which may cause irreparable injury. La.C.C.P. art. 2083. A final judgment is one that determines the merits in whole or in part. A judgment that only determines preliminary matters in the course of an action is an interlocutory judgment. La.C. C.P. art. 1841; Leblanc v. Leblanc, 451 So.2d 1279 (La.App. 3rd Cir.1984).
The order by the trial court remanding the case to the Board of Review for the taking of additional evidence was an interlocutory judgment, from which no appeal lies, and there has been no showing of irreparable injury in this case; therefore, no appeal lies from this judgment. However, the record is before us, and, in the interest of justice and expediency, we will consider the matter and render judgment. LSA-C.C.P. art. 2164; Sonnier v. Gray Tool Co., 359 So.2d 1111 (La.App. 3rd Cir.), writ denied, 362 So.2d 800 (La.1978). *1160 By so doing, we can give needed direction, missing in the trial court’s order of remand, to the Board of Review regarding the focus of the additional evidence inquiry.
The trial court did not abuse its discretion in ordering the case to be remanded under R.S. 23:1634.
The findings of the board of review as to the facts reveal that approximately two months prior to the time the claimant quit his job his pay and his number of hours were reduced. However, the claimant left his job for another job. The board of review found that he quit his job to accept better paying employment.
La.R.S. 23:1601 provides that an individual shall be disqualified from receiving unemployment compensation benefits if he leaves the employment without good cause connected with his employment. The jurisprudence has interpreted a substantial reduction in wages from the wage rate in existence when the employment commenced to be good cause for leaving a job. See Jantzen of La., Inc. v. Blache, 464 So.2d 33 (La.App. 3rd Cir.1985) and cases cited therein.
In the present case there was testimony that the claimant had a reduction in wages and hours two months before he quit Sea-scope. However, there was no evidence as to what his average weekly wage was before this change of conditions, as compared to what his average weekly wage became after the change. Therefore, the record contains no factual basis on which it can be determined whether there was a substantial reduction in wages amounting to good cause for leaving his job. Also, there was no evidence showing the claimant’s average weekly wage and other benefits received while he was working at Scott’s Refrigeration. Therefore, it cannot be determined whether he left his job strictly for a better job. See Joshua v. State, Office of Employment Sec., supra. Under these circumstances we conclude that the trial court properly ordered the case remanded to the Board of Review for the taking of additional evidence to establish these facts.
For these reasons, the judgment of the lower court remanding the case to the Board of Review for further proceedings is affirmed.
AFFIRMED.