488 So.2d 749 (1986)
Clara JOUBERT, Plaintiff-Appellant,
v.
C.J. BLACHE, Administrator, Office of Employment Security, Department of Labor, and Howard Johnson's, Defendants-Appellees.
No. 85-486.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
*750 Dianna Mayo, Lake Charles, for plaintiff-appellant.
Herman Robinson, Baton Rouge, for defendants-appellees.
Before DOMENGEAUX and YELVERTON, JJ., and JACKSON, J. Pro Tem.[*]
DOMENGEAUX, Judge.
This is an appeal by Clara Joubert, plaintiff-appellant, from a judgment of the district court denying her unemployment compensation benefits. The defendants-appellees are Howard Johnson's, Ms. Joubert's former employer, and C.J. Blache, the Administrator of the Office of Employment Security for the Department of Labor. This appeal is authorized by La.R.S. 23:1634.
The plaintiff was employed as a kitchen helper at a Howard Johnson's motel in Lake Charles, La. On December 12, 1982, Ms. Joubert ceased her employment with Howard Johnson's.
On February 22, 1983, Ms. Joubert filed a claim for unemployment compensation benefits with the Office of Employment Security, Louisiana Department of Labor. The Agency made an initial determination that the claimant was not entitled to benefits because she walked off the job without good cause connected with her employment. A notice of claim determination was mailed to the plaintiff on March 10, 1983, explaining her disqualification and advising her that her appeal rights would expire on March 25, 1983, fifteen days from the date of mailing of the notice, pursuant to La. R.S. 23:1629.
On March 28, 1983, the appellant filed an appeal with the Appeals Tribunal for the Office of Employment Security. The Appeals Referee ruled that the plaintiff did not file her appeal within the statutory time limit prescribed by La.R.S. 23:1629 and dismissed the plaintiff's claim. This decision was mailed to the plaintiff on March 30, 1983, explaining to the plaintiff that she had fifteen days from the date of mailing to appeal her claim with the Louisiana Board of Review. The plaintiff filed an appeal with the Board of Review on May 25, 1983, alleging that she had not received notice of the Appeal Tribunal referee's decision and hence the reason she filed an untimely appeal to the Board of Review.
The Board of Review determined that the plaintiff's appeal to that body was not within the fifteen day statutory time limit as set forth in La.R.S. 23:1630. The Board therefore concluded that, as she had failed to file an appeal within the appeal period provided by law she lost the right to any action. The plaintiff was mailed a copy of this decision on July 22, 1983, explaining that she had fifteen days within which to appeal the decision to the district court in the parish in which she resided.
On August 5, 1983, the plaintiff filed a petition for judicial review of the decision of the Board of Review as provided for by La.R.S. 23:1634. The district court judge found for the defendant Howard Johnson's and against the plaintiff and affirmed the Agency determination, the decision of the Appeals Tribunal and the decision of the Board of Review.
The plaintiff appeals the decision of the district court and raises two issues for this Court's determination.
First, the appellant alleges that she was denied due process of law in that she was not notified of the determinations of the Office of Employment Security or the Appeals Tribunal. The appellant's brief contends that her appeal to the Appeals Tribunal was not timely only because she did not receive notice of the decision of the Agency. Likewise she avers that her appeal to the Board of Review was not filed within the statutory time limits because she did not receive notice of the decision of the Appeals Tribunal. The plaintiff's petition to the district court and her brief in this Court speculate that she did not receive *751 notice of disqualification and notice of the Appeals Tribunal's dismissal decision because both were mailed to an incorrect address. Plaintiff asserts that her proper address is 2017½ East Church Street Up, Lake Charles, La. 70601, and that the notices from the Labor Department were incorrectly mailed to 2017½ East Church Street, Lake Charles, La. 70601.
Copies of the Agency's notice of claim determination and the Appeal Tribunal's decision show that they were mailed to claimant at 2017½ East Church, Lake Charles, La. 70601. We note with great interest that the plaintiff's initial claim for unemployment compensation, her application for appeal to the Appeals Tribunal and her application for appeal to the Board of Review, all of which were signed by plaintiff, list the applicant's address as 2017½ East Church, Lake Charles, La.
We do not find that the plaintiff's alleged lack of notice denied her due process rights. Due process requires "at a minimum... that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for a hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
The test established in Mullane, supra, to determine whether the procedure for effecting notice meets due process standards was stated to be whether the notice was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."
In Bailey v. Cajun Insulation, 453 So.2d 237 (La.1984), the plaintiff who had been denied unemployment compensation benefits testified that he did not receive notice of the determinations of the Board of Review until after the fifteen day period for judicial appeal to the district court had run. The plaintiff argued that because he did not receive timely notice and had not been able to file his appeal within the statutory time limits he had been denied due process. The Louisiana Supreme Court ruled that the plaintiff had not been denied due process. Citing Mullane, the Louisiana Supreme Court found that the statutory notice by regular mail authorized by La.R.S. 23:1630 and 1634 was sufficient to meet due process standards. The Court stated:
"Using the Mullane principle of balancing the interests of the state against those of the individual, we conclude in the present case that the statutory notice by regular mail is reasonably calculated to give notice to plaintiff. The statute does not exclude the possibility that delayed delivery of a notice could cause a party to lose his right of review before he even receives notice that the delay for applying has begun to run. Indeed, this case may be an example. Nevertheless, the method of notice required by the statute is reasonably calculated to inform interested parties of the event which commenced the period for exercising their rights and to afford them an opportunity to make their appearance. As the Court stated earlier in Blinn v. Nelson, 222 U.S. 1, 7, 32 S.Ct. 1, 2, 56 L.Ed. 65 (1911) and reiterated in Mullane, 339 U.S. at 319, 70 S.Ct. at 659:
`Now and then an extraordinary case may turn up, but constitutional law, like other mortal contrivances, has to take some chances, and in the great majority of instances, no doubt, justice will be done.'"
The situation before us is analogous to the situation in Bailey, supra, and we hold that the notices mailed to plaintiff were reasonably calculated, under all circumstances, to inform Ms. Joubert of her rights, and she was therefore not denied due process of law, even if in fact, her allegations that the notices were mailed to the wrong address are true. Under Mullane, supra, due process does not necessarily require that notice actually reach the party, but only requires a method reasonably calculated to inform the party. See Bailey, supra.
We therefore affirm the decisions of the appeals tribunal and the Board of Review *752 holding that the appeals to those respective bodies were untimely under La.R.S. 23:1629 and 1630 and inasmuch as those appeals were untimely the plaintiff lost the right to any action on appeal.
The second issue raised by plaintiff is whether the findings and conclusions of the Agency denying the plaintiff benefits under the unemployment compensation statute were supported by sufficient, legal and competent evidence.
Although ordinarily we would feel precluded from discussing the merits of the plaintiff's case inasmuch as we have already ruled that her late appeals preempted her from raising any substantive issues, we will nonetheless discuss this issue as it too is without merit.
In the plaintiff's application for unemployment benefits she cites as her main reason for leaving employment an allegation that there was insufficient help from others in the performance of her duties. The plaintiff further attested that she walked off the job without having discussed her grievances with her employer.
La.R.S. 23:1601 provides in pertinent part:
"An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause connectd with his employment."
The jurisprudence interpreting Section 1601 states that "good cause" is defined as more than mere dissatisfaction with the working conditions, and that to constitute good cause the dissatisfaction must be based upon discriminatory or arbitrary treatment, or be based upon a substantial change in wages or working conditions from those enforced at the time the employment commenced. McGinnis v. Moreau, 149 So.2d 188 (La.App. 3rd Cir.1963).
Furthermore, to constitute good cause for leaving employment under Section 1603 the circumstances attending the final termination of employment must be compelling and necessitous. Friloux v. Administrator, Division of Employment Security, Of Department of Labor, 136 So.2d 99 (La.App. 4th Cir.1962).
Here the plaintiff simply became disgruntled at having to cook alone, without assistance from her supervisor. This was not a compelling enough circumstance to constitute good cause.
Upon judicial review, the Court must accept administrative determinations of fact "if supported by sufficient evidence..., and the jurisdiction of the Court shall be confined to questions of law." La.R.S. 23:1634. The decision of the Agency was supported by sufficient evidence, and we therefore affirm its decision to deny this applicant's demand for unemployment compensation benefits.
For the above and foregoing reasons the decision of the district court and the administrative tribunal are affirmed.
AFFIRMED.
NOTES
[*] Judge Robert P. Jackson of the Ninth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.