DOMENGEAUX, Judge.
John L. Timpa commenced this action seeking review of an administrative agency determination disqualifying him from the receipt of unemployment compensation. Timpa named as defendants: (1) the Administrator of the Office of Employment Security, Department of Labor, State of Louisiana, and (2) Pat Briggs Plumbing, Inc., Timpa’s former employer.
Timpa, a plumber, worked for Briggs Plumbing for approximately six months beginning on January 1, 1984. On June 19, 1984 Timpa voluntarily terminated his employment with Briggs Plumbing contending that $2.98 per hour of his hourly base was not being timely paid into his union's Health and Welfare Fund and that an additional $2.00 per hour of his hourly wages was not being timely deposited into his Vacation Fund account at a local financial institution.
Upon leaving Briggs Plumbing, Timpa sought unemployment compensation. The initial claims interviewer with the Office of Employment Security concluded that Timpa left his job because his wages had been reduced. The claims interviewer then determined that Timpa had left for good cause and was entitled to unemployment compensation.
Subsequent to the initial agency determination, Briggs Plumbing sought a review of the decision before the Appeals Tribunal of the Office of Employment Security. The Appeals Referee, subsequent to a hearing, determined that Timpa had not relinquished his position because his wages were being reduced but, rather, because his fringe benefits were not being timely paid. The evidence established that although Briggs Plumbing had reduced the wages of its employees, Timpa decided to quit prior to the effective date, or even becoming aware of the anticipated reduction. The Appeals Referee then concluded that the claimant had not left for good cause, reversed the initial agency determination and disqualified Timpa.
The decision of the Appeals Referee was upheld on further review by the Board of Review of the Office of Employment Security precipitating Timpa’s decision to petition the district court for judicial review. The district court concluded that “[u]nder the law the actions of the employer in failing to timely pay the claimant’s vacation pay and other benefits and then substantially reducing the hourly rate of pay gave the claimant good cause for leaving the employment.” It is from this decision, reversing both the Appeals Tribunal and the Board of Review and declaring the claimant entitled to unemployment compensation that the State, through the Office of Employment Security, has appealed.
The standard of review, for the review of agency determinations, by both district and appellate courts is set forth in La.R.S. 23:1634 (1950) (amended 1958, 1960 and 1985). Pursuant to R.S. 23:1634, “the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” (Emphasis added). The scope of judicial review is, according to law, limited to questions of law, subsequent to a determination that the findings of facts of the agency are sup *935 ported by “sufficient evidence.” Boudreaux v. Seascope, Inc. 471 So.2d 1157 (La.App. 3rd Cir.1985); Joshua v. State, Office of Employment Security, 460 So.2d 714 (La.App. 3rd Cir.1984).
We believe that the agency determination that Timpa voluntarily left Briggs Plumbing because his benefits were not being timely paid is supported by “sufficient evidence.” Subsequent to any consideration addressing the question of whether Timpa left because of a reduction in wages, we will review the law to determine if the untimely payment of fringe benefits constitutes good cause for voluntarily terminating one’s employment relationship.
La.R.S. 23:1601 (1950) (as amended) provides that “[a]n individual shall be disqualified for benefits: (1) If the administrator finds that he has left his employment ... without good cause connected with his employment.” The question on review is, therefore, “What is good cause?”
We recently held in Joubert v. Blache, 488 So.2d 749 (La.App. 3rd Cir.1986), that good cause means more than mere dissatisfaction with one’s working conditions. In Joubert we held that for job dissatisfaction to rise to the level of good cause it must “be based upon discriminatory or arbitrary treatment, or be based upon a substantial change in wages or working conditions from those enforced at the time the employment commenced.” Id. at 752. The claimant in Joubert was a cook who had relinquished her position because she became disgruntled when her supervisor ceased assisting her. We concluded that the circumstances surrounding the claimant’s departure did not constitute good cause as intended by our legislature.
The Fourth Circuit Court of Appeals in Friloux v. Administrator, Division of Employment Security, Department of Labor, 136 So.2d 99, 101 (La.App. 4th Cir.1962) held that “[t]o constitute good cause the circumstances attending the final termination of the employment must be compelling and necessitous.” The claimant in Fri-loux was a 26-year-old geologist hired as a well logger. He voluntarily relinquished his position, after working only seven weeks, because he had worked for four different crews in six different locations and because the possibility of overseas employment appeared bleak. The court held that the claimant had not left with good cause because at the time he accepted the position he was well aware of the circumstances of which he later complained.
The claimant in the instant case, Timpa, resigned his position with Briggs Plumbing because the employer was not paying his Health and Welfare benefits or his Vacation benefits timely. The evidence revealed that, although Timpa had only been employed by Briggs Plumbing for approximately six months, Briggs Plumbing had fallen, on one occasion, three months behind in the payment of Timpa’s Vacation Fund benefits. Timpa decided to leave, subsequent to another check on his benefits, which revealed that Briggs Plumbing, in June, 1984, was again late in making the preceding month’s payment.
Timpa’s resignation was for good cause. He did not leave for personal reasons which would have disqualified him but, rather, left because he feared that he might lose his benefits should his employer become bankrupt as rumors had circulated. Significant in our decision is the fact that the benefits which were not being timely paid represented twenty-eight percent of the claimant’s total hourly wages. Timpa’s decision to resign was, therefore, preceded by compelling and necessitous circumstances, and was for good cause.
Having concluded that the continuous untimely payment of the claimant’s fringe benefits constituted good cause, we need not reach the issue addressing the reduction of Timpa’s wage rate.
For the above and foregoing reasons the decision of the district court setting aside the rulings of the Appeals Tribunal and the Board of Review, awarding John L. Timpa unemployment compensation and ordering the case remanded to the Board of Review for the entry of an Order declaring John L. Timpa entitled to receive unemployment compensation is affirmed.
*936 All costs of this appeal are assessed against the Office of Employment Security, Department of Labor, State of Louisiana.
AFFIRMED.