FORET, Judge.
This case involves a claim for unemployment compensation benefits filed by Jewell Carpenter. A hearing was held before the appeals tribunal of the Office of Employment Security with the Administrative Law Judge deciding that good cause for leaving employment had not been established, and therefore unemployment compensation benefits were denied. An appeal was taken by claimant to the trial court, and the trial court rendered judgment in favor of claimant, reversing the earlier decision of the appeals tribunal. The State of Louisiana, Department of Employment Security (State) has appealed.
FACTS
Claimant began working for Jimmy’s Fried Chicken in Lake Charles in July of 1981 as a waitress and cook. She also made deliveries in her car. In January of 1987, claimant traded cars and states that she was told that her insurance on the new *288 car would not cover deliveries. Claimant states that her employer insisted that she continue to make deliveries and stated that she would be fired if she did not do so. Claimant therefore quit her job in March of 1987 to accept a job which she described at the appeals tribunal hearing as having “better hours, better working conditions, more pay ...” (Tr. pg. 24). Claimant was thereafter laid off from her new job and she now seeks unemployment compensation benefits from Jimmy’s Fried Chicken, for whom she worked for almost seven years.
On appeal, the State contends that the claimant did not have good cause for terminating her employment as required by La. R.S. 23:1601. After reviewing the evidence and considering the applicable law, we are convinced that the State is correct in its contention that appellee has failed to demonstrate good cause for leaving her employment, and we therefore reverse the judgment of the trial court.
At the hearing before the appeals tribunal, claimant acknowledged that she left in order to take a job with more pay and better hours. However, she also stated that her employer had announced that anyone who would not sign a form agreeing to make deliveries would be fired and so she quit the job because her insurance on her new car would not cover deliveries.
Good cause for terminating employment, such as to qualify one for unemployment compensation benefits, is not established where the employee leaves his employment because he is dissatisfied with working conditions, except where such dissatisfaction stems from a substantial change in working conditions from those previously enforced. Plunkett v. Adm’r. La. Office of Emp. Sec., 504 So.2d 106 (La.App. 2 Cir.1987). Moreover, the circumstances surrounding the employee’s termination of employment must be compelling and necessitous. Joubert v. Blache, 488 So.2d 749 (La.App. 3 Cir.1986). As for the claimant’s leaving to accept a better job, it is well established that this does not constitute good cause such as will entitle one to unemployment compensation benefits. See Gunter v. Louisiana Dept. of Labor, 442 So.2d 804 (La.App. 4 Cir. 1983), writ denied, 445 So.2d 438 (La.1984). With regard to the claimant’s statement that she left her job because the insurance on her new car would not cover deliveries, we find that this, as well, is not good cause for terminating her employment. The law requires a substantial change in one’s working conditions in order to establish good cause. In the instant case, there was no change in the claimant’s working conditions at all. She had been required to make deliveries (and was doing so) before she bought the new car. Thus, claimant’s difficulties were brought about by her unilateral decision to purchase another car.
An analogous case is Pegues v. Office of Emp. Sec., 430 So.2d 375 (La.App. 3 Cir. 1983). In Pegues, the plaintiff was single when she began her employment but thereafter married and moved to a new residence substantially further from her job location. She car pooled for a period of time, but thereafter the car pool dissolved. She then asked for a transfer but when no position was available closer to home, she resigned due to her transportation difficulties. In deciding that the plaintiff had not established good cause, we stated the following:
“Plaintiff’s transportation difficulties were the result of her own volition: her desire to marry and live with her husband in DeRidder. She chose a new residence further from her job, thereby increasing her travel expenses. Her subsequent failure to form a car pool, while unfortunate, does not entitle claimant to benefits. Plaintiff’s personal reasons for resigning cannot be said to be ‘good cause connected with her employment’ within the meaning of the statute. LSA-R.S. 23:1601(1).”
In the instant case, the claimant’s transportation difficulties, i.e., her inability to obtain insurance so as to enable her to make deliveries as she had done in the past, were brought about by claimant’s own actions and had nothing to do with any change in her working conditions. As noted earlier, this will not entitle claimant to unemploy *289 ment compensation benefits upon the termination of her employment relationship.
Accordingly, we find that the claimant has not demonstrated good cause for leaving her employment. We reverse the judgment of the trial court and reinstate the decision of the appeals tribunal, finding that plaintiff is disqualified from receiving unemployment compensation benefits.
Costs of this appeal and at the trial level are assessed to plaintiff-appellee, Jewell Carpenter.
REVERSED.