KING, Judge.
The sole issue presented by this appeal is whether or not the District Court was correct in finding that the plaintiff was disqualified from continuing to receive unemployment compensation benefits because he had refused to accept a job referral without good cause.
This is a suit for judicial review of the denial of continued unemployment compensation benefits to Johnny R. Mason (hereinafter referred to as the plaintiff) by the Office of Employment Security of the Louisiana Department of Labor (hereinafter referred to as the Agency). The Agency initially ruled that the plaintiff was ineligible to continue to receive unemployment compensation benefits because he had failed to apply for available, suitable work. The Agency’s decision was affirmed by its Appeals Referee and reaffirmed by its Board of Review. The plaintiff then appealed to the Ninth Judicial District Court, Rapides Parish, Louisiana, where the Agency’s decision was again affirmed. The plaintiff now devolutively appeals. We affirm.
FACTS
The plaintiff, a truck driver, was discharged and last worked on April 15, 1983 for Montgomery Ward. The plaintiff filed *1173 for unemployment compensation benefits and began receiving benefits of $193.00 per week. As a condition of receiving unemployment compensation benefits a claimant must seek and apply for available, suitable work. LSA-R.S. 23:1601(3).
The plaintiff received a call-in card from the local Employment Security Office concerning a potential job and was instructed to report to Mr. Thomason at that office no later than 4:00 P.M. on July 12, 1983. The plaintiff reported to Mr. Thomason, and was advised of a referral for an interview for a job as a truck driver. The plaintiff did not know if he wanted to accept the job referral that was offered to him at that time by Mr. Thomason.
The plaintiff was instructed to return to Mr. Thomason with a resume of his education and experience, if he chose to accept the job referral, or to mail back the job referral card stating why he did not want to accept the job referral. The plaintiff mailed back the job referral card stating that he did not want to accept the job referral because the prospective job would require him to be away from home and would not pay enough. The plaintiff was interviewed by Mr. Thomason on July 22, 1983 and gave as his reasons for not accepting the job referral that he thought the job would only pay twenty percent of the value of the load, would only gross him about $250.00 per week less deductions for expenses, would require daily trips to Houston, and would require that he unload and work on his own truck. The plaintiff did not make further inquiry about the prospective job or what it entailed until after he was disqualified from receiving unemployment compensation benefits, when he called the Arcadia Trucking Company to inquire about the job.
The Agency ruled that the plaintiff refused to accept a job referral and failed to apply for available, suitable work without good cause and disqualified him from receiving any further unemployment compensation benefits. The Appeals Referee, after a hearing, affirmed the Agency’s initial determination of disqualification, and the Board of Review reaffirmed that disqualification. The plaintiff then sought judicial review by the District Court pursuant to LSA-R.S. 23:1634. The district court likewise affirmed the disqualification and the plaintiff now appeals to this Court.
DISQUALIFICATION FROM BENEFITS
The courts are limited in their power to review decisions made by the Board of Review. The findings of the Board of Review, as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the courts shall be confined to questions of law. LSA-R.S. 23:1634; Hayes v. State, Office of Employment Sec., 467 So.2d 175 (La.App.3rd Cir.1985). An unemployment compensation claimant shall be disqualified from receiving unemployment compensation benefits “if he has failed, without good cause, either to apply for available, suitable work when so directed by the administrator or to accept suitable work when offered to him.” LSA-R.S. 23:1601(3).
Careful review of the record reveals that the findings of fact of the Appeals Referee and the Board of Review were sufficiently supported by the evidence presented at the hearing before the Appeals Referee. (The Board of Review did not set forth independent findings of fact, but rather adopted those of the Appeals Referee.)
The undisputed evidence reveals that the plaintiff received a call-in card directing him to report, by no later than 4:00 p.m. on July 12, 1983, to Mr. Thomason at the job placement office to discuss a job opening. The plaintiff reported to Mr. Thomason as directed. The record is unclear regarding to what extent Mr. Thomason and the plaintiff discussed the job opening with Arcadia Trucking Company and the requirements of the job. However, it is apparent that the plaintiff was not informed by Mr. Thomason at that time that Arcadia was then interviewing at a local Holiday Inn for truck drivers. Mr. Thomason, as admitted by the plaintiff at the hearing before the Appeals Referee, instructed the plaintiff to *1174 take the job referral card home with him, and that if he (the plaintiff) decided to accept the job referral, to bring the job referral card back to Mr. Thomason along with a resume. Mr. Thomason also instructed the plaintiff that if he chose not to accept the referral, to mail the job referral card back with written reasons for his refusal. The plaintiff mailed the job referral card back saying he would not accept the referral and was subsequently disqualified from receiving unemployment compensation benefits.
The plaintiff on appeal attempts to link importance to the fact that he was never told to report to the Holiday Inn for the interview with the prospective employer. However, that is of no importance in light of the fact that the plaintiff was directed to report back to Mr. Thomason, not to the prospective employer, if he chose to accept the job referral. A necessary step in applying for the job was to report back to Mr. Thomason. The plaintiff did not take this step.
• The issue presented by the Agency’s disqualification is whether or not the plaintiff had good cause for not accepting the job referral. At an interview on July 22, 1983, after the plaintiff had refused the job referral, Mr. Thomason reported on the Work Sheet For Fact Finding Interview that no job facts had been discussed with the plaintiff at the initial interview on July 15, 1983. The plaintiff, however, testified that Mr. Thomason told him at that time that the job paid twenty percent of the load, that he would have to unload his own truck and that he would have to work on his own truck. The plaintiff also testified that he was familiar with Arcadia Trucking Company because he had several friends who had applied for work with the company. The plaintiff, for the first time, called Arcadia’s office in Tennessee to find out more about the job after he learned that he had been disqualified to receive further unemployment compensation benefits.
The plaintiff, at his interview on July 22, 1983, stated that:
“I refused a job offer with Arcadia Trucking. I refused the job because the pay was 20% of the load. I knew it was a daily trip to Houston. I would gross about $250.00 per week but would have to deduct for expenses. The job with Arcadia Trucking would require me to drive to Houston, unload the truck and drive back. The work is too demanding. [1] Would Also have to hire someone to unload the truck.”
Although the plaintiff may have had some second-hand knowledge from friends concerning Arcadia Trucking Company and its work, this limited knowledge did not provide a legitimate basis for the plaintiff to refuse the job referral without first making further and timely inquiry about the prospective job by actually interviewing for the job. The plaintiff based his conclusions about the job requirements on insufficient, if not incorrect, information.
LSA-R.S. 23:1601(3)(a) provides that:
“In determining whether or not any work is suitable for an individual, the administrator shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience, his length of unemployment, his prospects for securing local work in his customary occupation, the distance of the available work from his residence, and his highest level of education attainment as evidenced by a formal degree. In addition, the administrator shall consider the individual’s prior earnings unless employment is offered by a base period employer, in which case the rate of remuneration and the level of skill shall be equal to or greater than the highest amount paid the employee in his former employment with said base period employer, but, in no case shall the employee be required to accept remuneration from any employer at a level below sixty percent of his highest rate of pay in his base period; nor shall he be required to accept remuneration at less than the employer pays other employees with comparable skills, nor shall such employee be required to accept com *1175 pensation at a rate below the scale provided in any employee agreement to which he or his agent is a party.”
Even assuming that the plaintiff did make an adequate investigation of the prospective employment, the plaintiff still has not met his burden of establishing that he comes within the exceptions to disqualification since he has failed to prove why he could not accept an offer of available employment. Vancouver Plywood Co., Inc. v. Sumrall, 415 So.2d 625 (La.App.3rd Cir.1982).
The job opening with Arcadia Trucking Company was for the position of truck driver. The plaintiff was a truck driver by trade. The plaintiff asserts that the pay for that job would only amount to $250.00 per week gross minus deductions for expenses and that this amount was too inadequate for him to consider taking such a job. However, there is nothing in the record to indicate that this was an accurate salary figure for that job, or that the plaintiff even knew that the amount would be the actual salary. And, even if that figure represented the correct salary, there is nothing in the record to indicate that the saláry was inadequate enough to justify the plaintiffs refusal to accept the job.
Another reason the plaintiff gave for refusing the job referral was that the job supposedly would involve making a daily trip to Houston, Texas and that the job might later require runs to more distant locations, which would interfere with his domestic life. Again, the plaintiffs information at the time of refusal to apply for the job was too inadequate and speculative for him to base a justifiable refusal to accept the job referral on it. Even if the truck driving job required the plaintiff to make daily runs to Houston it is not unlike an instance in which a person would be required to commute to a distant place in order to work in that place. It is unreasonable for the plaintiff to restrict his employment opportunities to trucking jobs that require only local runs. As to the possibility that the plaintiff might in the future be required to make long distance trips, there is no evidence in the record to show that the plaintiff had any certain knowledge of this possibility at the time he refused to accept the job referral.
The plaintiff also stated he refused to accept the referral because he would be required to unload his own truck. He asserts that he is incapable of doing this and. that he would have to hire someone else to unload the truck for him. However, the record is totally devoid of any evidence which would show that he is incapable of unloading his truck or that it would be unreasonable to require him to do so.
Another reason the plaintiff gave for refusing the job referral was that he had never done mechanical work or repair work on a truck before and that the job with Arcadia Trucking Company would require him to do so. But, again, there was no evidence in the,record to show that such work would be required or was beyond the plaintiffs ability or that Arcadia Trucking Company would not provide the plaintiff with the opportunity to learn how to do such mechanical or repair work.
What the record does clearly show is that Arcadia Trucking Company had a job opening for a truck driver and was interviewing for this job in Alexandria, Louisiana. The record also shows that the plaintiff was an experienced truck driver. The plaintiff was offered a referral to interview for this job by Mr. Thomason. Mr. Thomason instructed the plaintiff to report back to him and to bring a resume if the plaintiff chose to accept the job referral. The plaintiff, with little or no knowledge of the job details and without making reasonable inquiry about the job, refused, without good cause to accept the job referral thus losing the opportunity to apply for a job which for all practical purposes he was ideally suited.
We conclude that the agency’s finding of fact that the plaintiff was disqualified from receiving unemployment compensation benefits because of his refusal, ■without good cause, to apply for available, suitable work in accordance with LSA-R.S. 23:1601(3) is supported by the evidence and is not contrary to law. For the reasons *1176 assigned, the decision of the district court is affirmed.
Costs may not be assessed against the Office of Employment Security, nor against the plaintiff. LSA-R.S. 13:5112(C); LSA-R.S. 23:1548; LSA-R.S. 23:1692. See also Melton v. State, Office of Employment Security, 473 So.2d 925 (La.App.3rd Cir.1985), and the cases cited therein.
For this reason the costs of the proceeding must be absorbed by the Clerk of this Court and the Clerk and Sheriff of the trial court.
AFFIRMED.